Matthew M. Levy, J.
The accident occurred August 8, 1951. The bill of particulars was dated January 23, 1953. In February 1954, the plaintiffs served notice that at the time of the trial they intend to move to amend certain paragraphs of the bill so as to claim constructive notice on the part of defendant 601 W, 26 Corp. In October 1956, the plaintiffs served notice that upon the trial they will move to amend and supplement their bill by a statement as to the aggravated condition of certain injuries, and offered to submit the physically hurt plaintiff to a further physical examination before trial. Also in October 1956, the plaintiffs served notice that upon the trial they would move to amend their complaint by increasing the ad dammi-m sought by the female plaintiff from $75,000 to *833 $125,000 and that of her husband from $10,000 to $25,000. In November 1956, one of the defendants conducted the physical examination afforded it by plaintiffs’ offer, and examined the X-ray photographs as to the claimed condition.
Instead of awaiting the trial, the plaintiffs moved before me at Special Term (on an affidavit only of trial counsel, who quotes from the doctor’s recent findings), for leave to serve an amended and supplemental bill of particulars as to notice and injuries, and for leave to amend their complaint as to damages. No objection is made by the defendants to the proposed amendment as to notice, and it is granted. Objection is made to the proposed amendments as to injuries and damages, the defendants claiming that, in the absence of supporting affidavits by the injured plaintiff, by her attorney and by a physician, the motion papers are defective and furnish no justifiable basis for the amendments sought.
While there have been some rulings to the effect that trial counsel has no implied authority to make some applications to the court when grounded solely on his own affidavit, I do not think that that objection is tenable in respect of the present motion. It may well be that the plaintiffs’ counsel might justifiably succeed upon the trial on an application to amend the complaint or supplement the bill in the respects here involved or perhaps move upon the trial to conform the pleadings to the proof insofar as the injuries are concerned (see Nathanson v. Lutheran Hosp. Assn., 3 Misc 2d 540). Since counsel obviously would have the authority to make such application at the trial, I see no reason to require an affidavit on the motion from the attorney of record for the plaintiffs.
Nor does the absence of an affidavit by the injured plaintiff or her physician constitute a jurisdictional defect. True, such affidavits are generally required for the purpose of ascertaining whether a reasonable basis exists for the claim of increased damages — but that is usually in a case where the action is sought to be removed from a court of limited jurisdiction to this court (cf. Matter of Victor v. de Maziroff, 275 App. Div. 69, affd. 300 N. Y. 686). The failure to submit such affidavits here should not be the determining factor on an application such as this — where the action has been pending from the start in a court of unlimited jurisdiction. Indeed, some students of our judicial system and of the administration of justice would do away altogether with the need to specify the amount of damages sought by a plaintiff in a personal injury action — because the amount sued for, in general, is quite unrealistic in its relationship to the injuries claimed. And, since the plaintiffs will *834 incorporate the new material in their supplemental bill if and when served, they subject themselves to cross-examination upon the trial with respect thereto with equal force as if they had included the proposed matter in a personal affidavit filed in aid of the motion for leave to serve the new bill. The doctor’s statement is in substance incorporated in the affidavit of the moving counsel, and the physician will be subject to cross-examination on that basis as well. And, in the light of the condition that I shall impose upon the plaintiffs in this matter, the defendants will have available to them in advance of the trial the doctor’s complete report.
As it is, the moving papers set forth (in my view) sufficient facts to establish that the plaintiffs are entitled to the amendments prayed for. The contested amendments to the bill and complaint do not seek to change the basis of liability originally alleged. At most the proposed bill seeks merely to bring the injuries up to date, based upon findings made by the plaintiffs ’ physician in October 1956, which indicated that the female plaintiff’s injuries had worsened since the original bill was served, and the plaintiffs seek accordingly to increase the amount of damages sought. Since the proposed amendments do not affect the theory of the action, but seek merely to amplify the injuries and to increase damages, the insistence on the submission of proof at this time to substantiate each and every change in the bill of particulars or in the damages sought in the complaint would result only in the practice of repeated applications and of duplication of work by attorneys and the court. Certainly, where (as here) it is apparent from the facts shown on the motion that the relief is justified, and where the objection thereto is not based on a sound claim that it would prejudice the defendants, too stringent adherence to formal requirements would operate only to cause inequities or to perpetuate them.
The motion is granted (Rasa v. City of New York, 277 App. Div. 780). However, if it so elects, the defendant Joe Lowe Corp., may have a further physical examination and an inspection of the plaintiffs’ X-ray photographs (the defendant 601 W. 26 Corp. has already availed itself of this opportunity), and both defendants are entitled to complete copies of plaintiffs’ doctors ’ reports. If these conditions are satisfied, the plaintiffs may serve a duly verified amended and supplemental bill, containing the additional particulars set forth in the notices to amend; and the complaint will be deemed amended to include the increased damages. The trial is imminent. Therefore, if either of the defendants so desires, the plaintiffs are to consent to h reasonable adjournment of the trial (subject, of course, to *835 the disposition of the Justice presiding when the cause is called for trial) so as to facilitate the performance of the conditions here specified, and so that the defendants may be fully prepared to meet the questions of the alleged worsened condition of the injured plaintiff.
Settle order.