Nicholas M. Pette, J.
In this personal injury action defendants move for discovery and inspection of certain income tax returns of the plaintiff, a dentist, and of his 1962 appointment book. Plaintiff cross-moves to amend his bill of particulars as to his medical expenses.
In opposition to defendants’ motion plaintiff contends that because his records were produced though not used by the defendants at plaintiff’s examination before trial, defendants have waived their right to a discovery and inspection of them. Defendants contend that at the examination before trial they requested production of the appointment book but plaintiff did not have it in his possession.
*31 Defendants did not waive their right to discovery and inspection. Under the Civil Practice Act discovery and inspection could only be had by court order upon a showing that the production of books and records at an examination before trial was inadequate. (Civ. Prac. Act, § 324; Gross v. Price, 2 A D 2d 707.) Since discovery and inspection may be had by notice, it would appear that such proof is m l mger required. (See 3 Weinstein-Korn-Miller, N. Y. Civ. ?rac., par. 3120.22.)
Further, the purposes for which books and records are produced for use on an examination before trial are different from those underlying discovery and inspection. (Cf. CPLB 3111, with CPLB 3120.) The revisers of civil practice, commenting on methods of obtaining disclosure (CPLB 3102, subd. [a]'), state: “Parties are not limited in their choice to one or more disclosure devices. Nor is there any express limit on the number of times a device may be used. However, abuse, either wilful or due to incompetence, may be checked by [CPLB, § 3103] ”. (First Preliminary Beport of the Advisory Committee on Practice and Procedure [N. Y. Legis. Doe., 1957, No. 6(b)], p. 121.) It is apparent, then, that a particular disclosure device is not intended as a predicate to or limitation upon another such device.
Article 31 is intended to provide full and fair disclosure with resort to the courts only to prevent abuse. (First Preliminary Beport of the Advisory Committee on Practice and Procedure [N. Y. Legis. Doe., 1957, No. 6(b), p. 122.) Therefore, that books and records were produced at an examination before trial, whether used or not, is not a bar to their later discovery and inspection unless the latter would amount to an abuse under subdivision (a) of 3103 of the Civil Practice Law and Buies. (See Kelly v. Division Water & Sewer Corp., N. Y. L. J., Feb. 10, 1964, p. 16, col. 4; contra, Steinfeld v. Kamerman, N. Y. L. J., Feb. 3, 1964, p. 19, col. 3.) No abuse is shown here. The fact that the records were produced at the examination before trial and, about a month later, were sought to be discovered and inspected, cannot be considered “ unreasonable annoyance, expense, embarrassment, disadvantage or other prejudice to any person or the courts.” (CPLB 3103, subd. [a].)
Defendants oppose plaintiff’s cross motion to amend his bill of particulars to show an increase of medical expenses of $175 because only the affidavit of plaintiff’s attorney is offered in support and because there are no allegations that the increased medical expenses are a result of the accident. Amend *32 ments to a bill of particulars are freely allowed unless they prejudice the defendant, (Overgaard v. Brooklyn Bus Corp., 257 App. Div. 829.) It is not always necessary that affidavits of physicians and the plaintiff be submitted to amend the bill. (Bodner v. 601 W. 26 Corp., 5 Misc 2d 831.) In the instant case the affidavit of plaintiff’s attorney is sufficient. The amount of the increase is relatively small and a photostatic copy of the treating orthopedist’s bill is annexed thereto. Further, there is no prejudice to the defendants. No physical examination has been held and if the parties adhere to the Appellate Division Rules (Rules of App. Div., 2d Dept., Part 4) the defendants will be. fully apprised of the nature and extent of plaintiff’s injuries.
Accordingly, the motion and cross motion are granted.