DORA FELDMAN, Individually and as Administratrix of All and Singular the Goods, Chattels and Credits Which Were of SAM FELDMAN, Deceased, with Authority Limited to the Prosecution of This Action, Respondent, *v.* METROPOLITAN LIFE INSURANCE COMPANY, Appellant.

First Department, March 15, 1940.

Herbert F. Garrick of counsel [*Tanner, Sillcocks & Friend,* attorneys], for the appellant.

Christian S. Lorentzen, for the respondent.

DORE, J. The issue on this appeal is whether a defense of laches was properly stricken out as insufficient in law.

The action is in equity to rescind and cancel a life insurance policy reduction from $25,000 to $10,000 and for reinstatement of the $25,000 policy on the ground of alleged mistake when the reduction was made. The $25,000 policy, containing disability and other benefits, was issued March 7, 1919; reduction to a $10,000 policy was made at the insured's request on April 25, 1930. In February, 1932, the insured claimed total and permanent disability under the new policy; defendant recognized the claim in August, 1932, and made disability payments on the policy as reduced to $10,000 beginning in September, 1932. The insured started this action in January, 1939, contending that he had applied for and consented to the reduction in 1930, under the mistake of fact that he was not at *that* time totally and permanently disabled under the terms of the then outstanding $25,000 policy, whereas in fact he had been so disabled since October, 1929, and, therefore, entitled to the larger disability benefits thereunder. After commencement of the action, the insured died in February, 1939, and his administratrix has been substituted as plaintiff.

Defendant pleaded as a second separate and complete defense that the length of time and other occurrences between the delivery in 1930 of the rewritten policy and commencement of this action in 1939 constituted unreasonable and unexplained delay, and that the action was barred by laches. Special Term struck out the defense without leave to replead, holding that the Statute of Limitations, not laches, was the only bar where the action is brought in equity to enforce a legal right.

In our opinion plaintiff has no absolute legal right to the relief asked. Plaintiff is seeking purely equitable relief, rescission and cancellation of the contract (*Equitable Life Assur. Society* v. *Kushman,* 276 N. Y. 178) on the ground of unilateral mistake. Such

application is addressed to the conscience of the court; plaintiff's negligence in making the mistake or laches in correcting it and a change in the position of the parties resulting therefrom or any conduct on the part of the one seeking the relief that is unconscionable may result in its denial. (*Matter of Clark*, 233 App. Div. 487, 491.) The rule relied on by Special Term applies only to cases where the relief is asked as a matter of right and not to applications for the indulgence of the court in case of default or excusable neglect. (*Coit* v. *Campbell*, 82 N. Y. 509, 514.) In *Calhoun* v. *Millard* (121 N. Y. 69) the action was for the surrender and cancellation of certain bonds and there, as here, a period of nine years had elapsed before the commencement of the action. The court held " that the period of limitation of equitable actions, fixed by the statute, is not where a purely equitable remedy is invoked, equivalent to a legislative direction that no period short of that time shall be a bar to relief in any case, or precludes the court from denying relief in accordance with equitable principles for unreasonable delay, although the full period of ten years has not elapsed since the cause of action accrued." Laches, a defense peculiar to courts of equity, is founded on lapse of time and the intervention of circumstances, even within the period prescribed by the statute, that render it unjust on equitable principles for a court of equity to assist plaintiff. (*Groesbeck* v. *Morgan*, 206 N. Y. 385, 389.)

The cases relied on by Special Term, stockholders' derivative actions, are not controlling. In such cases plaintiff seeks on behalf of a corporation to enforce its legal right against defendants resulting from their breach of duty, and the favor or the discretion of the court is not appealed to. (*Pollitz* v. *Wabash R. R. Co.*, 207 N. Y. 113, 130; *Potter* v. *Walker*, 276 id. 15, 27.) Here plaintiff is seeking to have the insured's own error or mistake corrected. Accordingly, the defense of laches, if properly pleaded herein and adequately established on the trial, may be a bar to the action.

Laches, however, is not mere delay, but delay that works disadvantage or injury. (*Seligson* v. *Weiss*, 222 App. Div. 634, 638 [First Dept.]; *Matter of Boylan*, 249 id. 35, 38 [Third Dept.]; affd., 277 N. Y. 539; 4 Pom. Eq. Juris. [4th ed.] § 1442, pp. 3417–3423.) The defense as pleaded herein is deficient in form as it fails to include allegations showing not merely delay but also injury, change of position, intervention of equities, loss of evidence, or other disadvantage resulting from such delay.

The order appealed from should be modified to permit defendant to replead within ten days from entry of the order herein, and as so modified affirmed, with twenty dollars costs and disbursements to the appellant.

Martin, P. J., Townley, Cohn and Callahan, JJ., concur.

Order unanimously modified by granting leave to the defendant to serve an amended answer within ten days after entry of order, and as so modified affirmed, with twenty dollars costs and disbursements to the appellant.