MAITLAND S. JACKSON and JANET D. JACKSON, His Wife, Plaintiffs, *v.* MARJORIE P. HOWARD, Defendant.

Supreme Court, Westchester County, May 14, 1940.

*Walsh, Baird, Hume & Cameron [William A. Walsh* of counsel], for the plaintiffs.

*Albert C. Jordan,* for the defendant.

J. ADDISON YOUNG, Off. Ref. This action is brought for the rescission of a contract for the sale of real property by the defendant to the plaintiffs on the ground that the sale was induced by misrepresentations made by the defendant to the plaintiffs. The misrepresentations claimed were that the cellar of the house in question was dry and water-tight, when, in fact, the defendant knew that this was not true. The plaintiffs purchased the property

for a residence. The contract was executed on April 30, 1938. The deed was delivered on May 28, 1938. Almost immediately after the plaintiffs had occupied the premises, it was discovered that water came into the cellar in great quantities. This occurred after every storm and, on some occasions, so much water came in that the fire department of the city of Yonkers was called and pumped it out. It is conceded by the defendant that this condition existed prior to the transfer of the property and that it occurred after severe storms. The plaintiffs made some efforts to remedy the conditions existing and expended considerable sums of money in this effort, but without success, and, on August 28, 1938, an action was begun by the plaintiffs against the defendant in the City Court of Yonkers to recover damages for fraud and misrepresentation on the part of the defendant that the cellar was dry and water-tight at the time the property was purchased. Issue was joined in this case and the case was actually noticed for trial, but, in October, 1939, this action was discontinued by consent and without prejudice. Thereafter, on November 19, 1939, the present action for rescission was begun.

The defendant, answering the complaint, denies that any misrepresentations were made as to the dryness of the cellar. She admitted on the stand that she knew of the conditions existing as to the water coming into the cellar, but she said that she was never asked in relation thereto and gave no information. On the other hand, the plaintiffs both testified that they particularly examined the cellar and made inquiry as to its dryness and were assured that the cellar was dry and water-tight. One of the plaintiffs, Mrs. Jackson, testified that she told the owner that the main reason for purchasing the house was that her child was sickly and that the doctor had advised them to move to some high and dry place to live for the benefit of the child. I have no doubt that the plaintiffs did make such inquiries and were given assurance by the defendant as to the good condition of the cellar in this respect.

The defendant also interposes a second defense, alleging that, at the time of the commencement of the first action in the City Court of Yonkers, the plaintiffs thereby elected to ratify and confirm the contract of purchase, and that, by electing so to do, the plaintiffs elected their remedy and are barred and foreclosed from maintaining the present action. Under the facts and circumstances shown in the present case, however, I am of the opinion that the bringing of the first action is not fatal to the maintenance of the present action. The remedy first chosen was insufficient and inadequate to give the plaintiffs full relief. The City Court

of Yonkers had no equitable jurisdiction and I think the plaintiffs were entitled to the adequate relief which could only be had in an action for rescission. (*Clark* v. *Kirby*, 243 N. Y. 295.) The defendant interposes also a further defense to the effect that the plaintiffs did not promptly disaffirm the contract after discovering the fraud and that, for this reason, equitable relief should be denied.

Under the facts shown in this case, I do not think the plaintiffs should be denied the relief sought by way of rescission. The plaintiffs occupied the premises about the 1st of June, 1938. About one week after the discovery of the fraud, the action was begun in the City Court of Yonkers, and the present action was begun about a week after that action was discontinued in October, 1939. There certainly was no delay in bringing the action in the City Court of Yonkers. At the time, undoubtedly, plaintiffs believed that they could obtain full relief in that action. Soon after, however, it became apparent that the situation was much worse than anticipated and efforts were made to remove the cause, but were unsuccessful, and then the present action was begun. In *Schenck* v. *State Line Telephone Co.* (238 N. Y. 308) an action was begun in June, 1922, to recover damages for the fraud there alleged. In the following October, after the defendant had answered setting up the Statute of Limitations, that action was discontinued and a second action for rescission was thereafter begun, and the Court of Appeals held that the second action was maintainable. This second action was commenced in January, 1923. Under the circumstances, I do not think the plaintiffs should be charged with laches in commencing the present action. Furthermore, it does not appear that the delay worked any disadvantage or injury to the defendant. (*Feldman* v. *Metropolitan Life Ins. Co.*, 259 App. Div. 123; *Seligson* v. *Weiss*, 222 id. 634.) The plaintiffs should have judgment for the relief demanded in the complaint, but some of the items claimed as damage cannot be allowed, namely, plumbing work, $190; plumbing work, $11.80, and plumbing work, $6.87; cellar drainer, $35.55; gas heater, $45; insulation work, $79; insulation work, $88, and insulation work, $130, and motor for oil-burner, $19.50. These items, in my opinion, were not expended in carrying out the contract of purchase. Against the amount allowed plaintiffs, the defendant is entitled to an offset for the rental value of the premises during the period of occupancy. This rental value I find to be fifty dollars per month.

A decision may be presented in accordance with this memorandum to be settled on notice and I will at the same time pass upon any proposed findings which the defendant may submit.