THE PEOPLE OF THE STATE OF NEW YORK ex rel. CONSTANCE VARRICHIO, Appellant, against JOHN BERTANZEL, Respondent.— In a filiation proceeding, final order of the Children's Court of Nassau County dismissing the petition, unanimously affirmed. No opinion. Present — Lewis, P. J., Carswell, Johnston, Sneed and Wenzel, JJ.

MARION SCARINZI, Appellant, v. JOSEPH SCARINZI, Defendant.— In an undefended action for divorce, judgment dismissing the complaint, after inquest, unanimously affirmed, without costs. No opinion. Present — Carswell, Acting P. J., Johnston, Adel, Sneed and Wenzel, JJ.

JAMES E. SCHANIEL, an Infant, by His Guardian ad Litem, GEORGE A. SCHANIEL, Respondent, v. JOHN M. SLOAN et al., Appellants.— Action to recover damages for injuries sustained by the infant plaintiff who, when riding a bicycle, was struck by an automobile owned by defendant John M. Sloan and operated by defendant John M. Sloan, Jr. Judgment in favor of plaintiff reversed on the facts and a new trial granted, with costs to appellants to abide the event, unless within ten days from the entry of the order hereon plaintiff stipulates to reduce the verdict to the sum of $5,500, in which event the judgment, as so reduced, is unanimously affirmed, without costs. In our opinion the amount of the verdict is excessive. Present — Lewis, P. J., Carswell, Johnston, Sneed and Wenzel, JJ.

PHILIP SHULMAN, Appellant, v. HARRY J. GRUBER et al., Respondents, et al., Defendants.— Action for judgment declaring that an arbitration should be vacated and for an accounting by the arbitrator and by other defendants, who are alleged to be partners of plaintiff. Order granting motion to dismiss complaint for insufficiency unanimously affirmed, with $20 costs and disbursements. No opinion. Present — Lewis, P. J., Carswell, Johnston, Adel and Wenzel, JJ.

SIMEON STERNBERG, Respondent, v. MARY E. WALSH et al., Appellants.— In an action to recover damages for personal injuries, order denying appellants' motion to amend the answer so as to set forth defenses based on section 29 of the Workmen's Compensation Law, reversed, without costs, and the motion granted, without costs. Under all the relevant facts and circumstances there is no prejudice in law to the plaintiff by amendment of the answer so as to set forth facts which were in existence at the time of the service of the original answer, and which facts have no different legal consequences by reason of the delay. Lewis, P. J., Carswell, Adel, Sneed and Wenzel, JJ., concur.

LUCY TAYLOR, as Administratrix of the Estate of WILLIE M. GALE, Deceased, Plaintiff, and IDA HARP et al., Appellants, v. HENTSCHEL BROS. et al., Defendants. JACOB NUDELL, Original Attorney for Plaintiffs-Appellants, Respondent; OTTO D. STRASS, Substituted Attorney for Plaintiffs-Appellants, Appellant.— Order granting plaintiffs-appellants' motion for substitution of attorneys, insofar as it fixes the lien of the retiring attorney at a sum equal to 25% of any recovery, modified on the law and the facts by reducing the percentage allowed to 10%. As so modified, the order, insofar as appealed from is affirmed, without costs. Upon all the facts set forth in the affidavits, the amount of the lien fixed by Special Term was excessive. Respondent by stipulation, and again upon oral argument in this court, waived his right to be compensated upon a *quantum meruit* basis. Lewis, P. J., Carswell, Johnston, Adel and Sneed, JJ., concur.