Benjamin Brenner, J.
Plaintiffs seek to increase their damage claim from $25,000 to $100,000 and to further amend the complaint to more fully describe the nerve injury claimed to have been sustained upon a spinal injection in an action for negligence.
The cause arose in 1949 and action was commenced in 1952 on the day before the expiration of the Statute of Limitations (Civ. Prac. Act, § 49, subd. 6). A brother of one of the plaintiffs was engaged as the attorney of record and trial counsel have been in the case for several years. These amendments were urged on the day of trial because, it is alleged, the physical examinations had in January, 1956 disclosed that the neurological involvements were more serious than previously supposed, whereupon a mistrial was declared to give plaintiffs an opportunity to move for the amendments at Special Term.
Plaintiffs and their counsel have long been aware of the extent of the injuries because during the past seven years the injured plaintiff was examined by 13 physicians, at least one of whom was a neurologist. The family physician, an internist, stated that the injured plaintiff’s difficulties were neurotic in origin and that his views are corroborated by other physicians. Then there were several periods of hospitalization, two of which were due to intervening accidents and the last to a skull fracture which required the services of a neurologist. Finally, the complaint already alleges that the injury caused by the spinal injection was “ sciatic neuralgia” which is really part of the syndrome known as ‘6 causalgia ’ ’ a term now sought to be included in the amended complaint. All of this points to clear awareness on the part of the plaintiffs, their physicians and attorneys of the nature and extent of the injuries. Upon the record, therefore, plaintiffs are guilty of gross laches and would appear to have forfeited their right to seek amendment of the pleading at this late date. The question is, however, whether defendant was prejudiced thereby, for laches alone, without prejudice, would not warrant denial of an increase of the ad damnum. (Rasa v. City of New York, 277 App. Div. 780; Lane v. Sochacki, 279 App. Div. 595.)
Were this an attempt to plead new or additional facts, such gross laches would, of course, be fatal in the absence of a satisfactory excuse therefor. (Morris v. Coral Cafe, 281 App. Div. 844; Smith v. Horn & Hardart Co., 276 App. Div. 869.) But the amendments sought do not change the theory upon which recovery is sought. Both with respect to the desired increase of the ad damnum and the clarification of the nerve injury plain *542 tiffs could justifiably move upon trial to conform the pleading to the proof (Berkenstat v. Oliver, 275 App. Div. 679) and, had trial proceeded, a failure to grant the amendments would have been improvident because plaintiffs do not now seek to establish a new theory of liability (Rich v. Colony Fuel Co., 277 App. Div. 888) but merely ask that they be permitted to recover full compensation.
Defendant urges that it is prejudiced because there is adequate insurance coverage for the demand of $25,000 but not for a demand of $100,000. However burdensome this may be leave to demand the larger sum does not produce a legal prejudice since the hazard to the defendant is no greater than it would have been if the larger demand were made earlier. A prejudice arising from the amendment of.an adversary’s pleading is a disadvantage which follows allowance of a claim already outlawed or of a newly urged theory which can no longer be challenged. There are no such disadvantages indicated here. A formal increase of the personal injury claim only makes possible ultimate recovery commensurate with that injury. If the verdict be excessive or inadequate, justice requires that, within the limits of the demand, it be adjusted to fairly approximate compensation for the injury. The threat to the defendant is proportionate to the true extent of plaintiff’s injuries, no matter what the demand in the complaint may be, for it is common knowledge that a demand is no true barometer for recovery. It merely fixes the trial forum and, unless it be increased prior to or during the trial, the recovery is limited thereby. Consequently, in the absence of prejudice and in the exercise of discretion, I find that plaintiffs are entitled to the amendments here sought. Defendant has, however, been put to the trouble of preparing for trial a second time. It is entitled, if so advised, to a further physical examination at plaintiffs’ expense. Motion is granted upon the terms indicated.
Settle order on notice.