Walter R. Hart, J.
Motion insofar as it seeks resettlement of the order heretofore entered is granted and the notice of claim and bill of particulars are amended on consent so as to indicate more specifically the place of occurrence.
Insofar as the motion seeks to amend the bill of particulars so as to allege as an additional theory of liability that the defendant repaired the condition complained of in a negligent manner, the motion is granted. In the opinion of the court the original bill of particulars appears to be broad enough to encompass, within the allegation that the step was improperly maintained, a charge that it was improperly repaired; however, so as to avoid the claim of surprise upon the trial, in the interests of justice, the amendment will be allowed. In conjunction therewith, pursuant to the omnibus prayer for relief, plaintiff will be permitted to serve an amended complaint setting forth the allegations with respect thereto, within 10 days after the entry of the *30 order. Plaintiff will also be required to set forth in the amended bill of particulars the approximate date the repairs were alleged to have been made and to state in what manner the repairs were defectively made and the particulars of the defective repairs. Defendant, if so advised, may also move for such further particulars with respect thereto as it deems necessary. To afford defendant an opportunity of meeting this new issue, the retrial which has been set for an early date will be laid over to the October 1962 Term.
The motion insofar as it seeks to amend the bill of particulars in other respects is granted. Defendant has failed to show that it will be prejudiced by the amendments sought.
The motion insofar as it seeks to increase the ad damnum clause is granted. Plaintiff should not be penalized because of the inexperience of his attorney of record, who did not know that plaintiff would be required to submit to an operation for a fusion of the spine at the time he served the notice of claim, and believed he was limited in the complaint to the amount demanded in the notice of claim. In regard to this facet of the motion this court approves the views expressed by Mr. Justice Bosliug in a well-considered opinion m Belitsky v. Herman (215 N. Y. S. 2d 297, 298), wherein he stated: “ In the years that have passed since this action was begun, the erosion of the dollar’s purchasing power has had its significant effect on what courts and juries consider fair compensation for a plaintiff’s hurts. Neddo v. State, 194 Misc. 379, affd. 300 N. Y. 533, without opinion: Liddie v. State, 190 Misc. 347: Burtman v. State, 188 Misc 153. Nor should the plaintiff be penalized for sensibly deferring a re-evaluation of his claim to the eve of trial when with the retrospective view traversing its greatest span, his future damage may the more realistically be appraised. To limit a plaintiff’s recovery to a sum which may be less than a reasonable award for his injury, requires in justification more than a sterile and formalistic claim of laches. Marcus v. Village of Mamaroneck, 283 N. Y. 325, 332; Weiss v. Mayflower, 1 N. Y. 2d 310, 320; Feldman v. Metropolitan Life Ins. Co., 259 App. Div. 123, 125. Defendant’s charge of mere delay, without resultant prejudice, presents no valid reason for depriving plaintiff of an opportunity to seek a full redress for the wrong inflicted, if so it be found. Natale v. Great Atlantic & Pacific Tea Co., 8 A D 2d 781.” (See, also, Scott v. New York City Tr. Auth., 10 A D 2d 992.) Since the retrial of the action is being deferred until the October 1962 Term, it may not in any event be said that this amendment is on the eve of trial.
*31 Defendant, if so advised, may require that plaintiff submit to a physical examination by a physician of its choice, in which event it is to be deemed that the granting of this motion is conditioned on plaintiff’s appearing for the examination at a time and place to be designated in the order. A copy of the physician’s report shall be served on plaintiff’s attorney.