Frank A. Gulotta, J.
This is a motion to increase the ad damnum clause in a complaint from $25,000 to $100,000, and for leave to serve an amended bill of particulars. The motion was made as the trial was about to commence and the trial was adjourned to permit the same to be made on papers.
It appears that the complaint was served July 8,1953, and the bill of particulars on June 14, 1955. A fracture of the left femur was then claimed. In 1957 the right leg was operated upon and the epiphysis of the right femur removed in order to stunt the growth of the right leg and bring it into balance with the left leg, whose normal growth had been retarded by injury to its femoral epiphysis.
*38 . This procedure was not entirely successful and there is now a permanent difference of one inch in the length of the two legs.
Plaintiff now seeks to amend the bill of particulars by setting forth this additional operation and plaintiff's present condition resulting therefrom. No excuse is offered for the inordinate delay in making this application, but it is contended that this is not necessary and that the only thing to be considered is whether this amendment operates to the prejudice of the defendant. Prejudice in this sense, of course, does not mean exposure to a greater recovery, for then an amendment of this sort could never be granted. What it does mean is prejudice in the sense that defendant is being deprived of taking some measures for its defense which it might have taken had the application been made on time. There does not appear to be that sort of prejudice here.
The application would appear to offend against both the spirit and letter of the Statement of Readiness Rule (Rules of App. Div., Second Dept., Special Rule Requiring Filing of a Statement of Readiness) in that although amendment of a complaint is not specified among the enumerated sections and rules which must be complied with before placing a case on the calendar, the granting of such a motion is invariably coupled with a direction for a further physical examination which is squarely covered by the rule. Furthermore it is undoubtedly a preliminary step which makes a case unready for trial and thwarts the purpose of the rule, viz., that cases unready for trial stay off the calendar.
However that may be, the appellate courts have taken an entirely different view of these matters. While they have been extremely strict in enforcing the Statement of Readiness Rule and in allowing applications for late examinations before trial, physical examinations, etc., under subdivision (9) of the old rule (subd. 7 of the new rule eff. March 1, 1962) holding the applicant to a strict accountability for explaining his delay, they have been extremely liberal in allowing amendments to complaints, although no excuse is offered for long delays in making the application.
In Calautti v. National Transp. Co. (10 A D 2d 955 [2d Dept.]) an order which denied an amendment of the ad damnum clause from $50,000 to $1,000,000 was reversed, although the action was commenced in 1951, and the motion was not made until 1959, the court stating that “ mere lapse of time is not a sufficient ground for denial ’ ’. Of course lapse of time is not necessarily laches, and it is not made clear which was involved in that case.
*39 In Teplitsky v. Kamensky (9 A D 2d 671 [1st Dept.]) an order granting an increase in the damage demand on the eve of trial was affirmed. While the majority opinion does not discuss laches, the dissenting opinion of Justice McNally indicates that there was an unexplained 10-month delay in making the application.
Similarly in the Second Department in Lane v. Sochacki (279 App. Div. 595) the dissenting opinion points out that there was a failure to explain delay, but the order granting the amendment was nevertheless affirmed.
Nathanson v. Lutheran Hosp. Assn. (3 Misc 2d 540, 541) at Special Term in Kings County, makes the flat statement: “ The question is, however, whether defendant was prejudiced thereby, for laches alone, without prejudice, would not warrant denial of an increase of the ad damnum. (Rasa v. City of New York, 277 App. Div. 780; Lane v. Sochacki, 279 App. Div. 595.) ” (See, also, second appeal in Rasa v. City of New York, 277 App. Div. 780.) However, neither of the cases cited shows in the reported opinions that laches was involved, although that may have been the fact.
From this the court concludes that unexplained delay is not a factor on these motions, and since the plaintiff’s permanent deformity is attested to by eminent medical authority, the application would appear to have merit, not in evaluating the case as a whole, but simply the medical aspects of it. The motion is therefore granted.