■ RUTH HIRSCH et al., Respondents, v. HELEN FLICK et al., Appellants.— In an action to recover damages for slander and for trespass, and to obtain injunctive relief, each stated as a separate cause of action, the defendants appeal from the following two orders of the Supreme Court, Westchester County: (1) an order entered June 4, 1962, which denied their motion for leave to serve amended answers, pleading: (a) as a defense to each cause of action, that the defendant Helen Flick was mentally ill during the periods of time specified in the complaint; (b) as a defense to the cause of action for slander, that defendant Helen Flick was provoked by plaintiffs; and (c) as a further defense to the cause of action for slander, the bar of the one-year Statue of Limitations; and (2) an order entered June 5, 1962, which denied defendants' motion to remove the action from the Jury Calendar to the Nonjury Calendar for trial. Order dated June 4, 1962, reversed on the facts, without costs, and defendants' motion for leave to serve amended answers granted, without costs, and with leave to plaintiffs if so advised, within 20 days after service of the amended answers, to move: (a) to examine defendants before trial with respect to any new matter contained in defendants' amended answers; and (b) to direct defendants to serve a verified bill of particulars with respect to such new matter. Defendants are directed to serve their amended answers within 20 days after entry of the order hereon. Order dated June 5, 1962, reversed on the law and the facts, without costs, and defendants' motion to remove the action from the Jury Calendar to the Nonjury Calendar, granted, without costs; the action to be tried by the court without a jury at a Trial or Special Term. In our opinion, since plaintiffs failed to make any definitive showing of prejudice as a matter of law; and since the defendants seek to plead facts which, although they were in existence at the time of the original answer, can have no different legal consequence by reason of the lapse of time, leave to amend the answers should have been granted (Sternberg v. Walsh, 273 App. Div. 972; Fuhrer v. Chemical Corn Exch. Bank, 2 A D 2d 750). If the new matters pleaded should project additional trial problems for plaintiffs, they, if so advised, may seek further elucidation by a motion to examine defendants before trial and to direct

them to serve a bill of particulars. Since the complaint mingles legal and equitable causes of action, the right to trial by jury has been waived (*People v. System Props.*, 293 N. Y. 440; *Di Menna* v. *Cooper & Evans Co.*, 220 N. Y. 391; 6 Carmody-Wait, New York Practice, § 49, p. 226). The fact that the case had been placed on the Jury Calendar did not convert the case into one for trial by jury. Accordingly, the case should be tried by the court without a jury, at either a Special or Trial Term (*Moe* v. *Reliance Ins. Co. of Philadelphia*, 188 App. Div. 977). Beldock, P. J., Ughetta, Kleinfeld, Hill and Rabin, JJ., concur.