Arthur A. Klotz, J.
This is a motion for leave to amend the summons and complaint to the extent of increasing the demand for damages on behalf of the plaintiff Samuel Miller from $2,000 to $10,000.
The action was initially instituted in the Municipal Court of the City of New York on September 17,1960, requesting damages on behalf of this plaintiff, in the sum of $2,000.
The affidavit of the treating physician, attached to the moving papers, indicates that the plaintiff Miller sustained a whiplash injury to the neck; fracture of the posterior surface of both C-6 and C-7; arthritic lipping of C-6 and C-7; thinning of the inter-vertebral disc between C-6 and C-7; numbness and tingling in the fifth fingers of both hands; and limitation of motion of the cervical region. The supporting affidavit of plaintiff’s attorney on this application sets forth that plaintiff did not learn of the seriousness of the injuries until November 8, 1960. No reason for the delay in making the present motion is presented.
The court would be inclined to deny the application because of this long delay, except that the injuries plaintiff complains of, substantiated by a medical affidavit, appear of sufficient gravity to warrant relief. While prejudice because of the delay in making this motion is claimed by the defendant, none is in fact shown. The defendant had a physical examination of the plaintiff on November 29, 1960, and another one will be directed as a condition for the granting of the present motion.
It appears appropriate to set forth that motions of this nature have been denied by some of my colleagues based on section 192 (subd. [c], par. [2]) of the New York City Civil Court Act. That section in pertinent part provides:
“ § 192. Cases in abolished courts carried over. All actions and proceedings pending in the city court of the city of New York or the municipal court of the city of New York at the time this act takes effect shall be deemed pending in this court and shall be governed by the following subdivisions of this section. * * *
“ (c) For the purpose of the disposition of such actions and proceedings only, the jurisdiction of this court shall be deemed:
*1083 “ (2) contracted to that of the abolished court so as to prevent this court from giving relief of such nature or in such amount as could not be given by the abolished court.”
This section has been interpreted to preclude a motion to raise the amount of damage claimed beyond the jurisdiction of the former court from which the action emanated. A literal reading of section 192, of course, sustains this interpretation.
The Civil Court of the City of New York came into being September 1, 1962, and has jurisdiction in tort actions up to $10,000, in all cases instituted in the new Civil Court. In the exercise of this jurisdiction, the court has the powers that the Supreme Court would have in like actions and proceedings (N. Y. City Civ. Ct. Act, § 16).
The Civil Court also has a dual jurisdiction in that the jurisdiction of the court is contracted on matters transferred to it from the Municipal Court of the City of New York or the City ,Court of the City of New York to that of the respective abolished courts. This, to me, means that in the normal processing of cases transferred to the Civil Court of the City of New York from either the former Municipal Court of the City of New York or the former City Court of the City of New York, the Civil .Court is limited in granting relief by the same jurisdictional limitations as the respective abolished courts. But litigants in such contracted causes still have the rights given by section 110-a of the Civil Practice Act which provides that where the damages sustained by a plaintiff are greater in amount than .originally alleged, and the court in which such action is pending does not have jurisdiction thereof, or is not empowered to award a judgment for such increased amount, the action may be removed to a court having the proper jurisdiction.
It seems to me that where a litigant who heretofore had a case .pending in either the Municipal Court of the City of New York, with its jurisdictional limit of $3,000, or the City Court of the City of New York, with its jurisdictional limit of $6,000, desires to increase the request for damages to the sum of $10,000, such an application can be made to a Judge of the Civil Court of the City of New York and that, in these circumstances, the Civil Court has a dual position. It is, of course, as heretofore indicated, a court of contracted jurisdiction with regard to cases transferred to it from the former Municipal Court of the City of New York and the City Court of the City of New York. It is also an expanded civil court under the constitution of the State of New York with jurisdiction in tort cases up to $10,000. It may hear a motion made pursuant to section 110-a of the Civil Practice Act in a contracted cause and, upon a proper showing, *1084 transpose this pending old litigation from the contracted jurisdiction of the Civil Court to the expanded jurisdiction of the Civil Court, and section 192 of the New York City Civil Court Act should not be read to prevent a motion of this kind from being made in this court. Such an interpretation gives meaning to section 192 (subd. [c], par. [2]) of the New York City Civil Court Act and to section 110-a of the Civil Practice Act as well. It prevents unnecessary circuitous action. To hold otherwise would require a litigant to move for relief under section 110-a of the Civil Practice Act in the Supreme Court, which court would, if it favorably entertained the motion, be required to transfer the cause to that court and, in turn, retransfer it to the Civil Court of the City of New York, since the cause would then be within the jurisdictional limitation of the Civil Court.
It is for these reasons that I conclude that the Civil Court of the City of New York has the power to grant relief on a motion to increase the amount of damages originally requested.
Plaintiff will be required to submit to another physical examination if defendant feels so advised. The time of such examination shall be indicated on the settlement of the order to be entered hereon. The motion is granted accordingly.