Saul Pbice, J.
The plaintiff moves to amend the complaint in this action so as to increase the demand for damages from the sum of $6,000 to the sum of $10,000. This action was brought to recover damages for personal injuries received by the plaintiff when, while employed as a construction worker, he was struck by a cable and fell.
The action herein was instituted in the former City Court of the City of New York and the demand was made for damages in the sum of $6,000, the then maximum jurisdiction of said court. This action is presently at issue and has been adjourned to May 21, 1963 for trial.
The moving papers indicate that the injuries sustained were more serious and prolonged than had originally appeared. The medical proof submitted shows, that approximately a year after the accident, the plaintiff required additional treatment. The plaintiff’s affidavit on the merits of the action states that, by reason of the accident, he was compelled to seek employment in a field other than his regular vocation as a waterproofer.
In my opinion, it appears that if the plaintiff is successful upon a trial of the action, the facts may warrant a recovery of more than $6,000.
There are instances where, after the time to amend as of course has expired, an attorney discovers that he wishes to change his pleadings in one respect or another. Section 105 of the Civil Practice Act provides for this as follows: “At any stage of any action, special proceeding or appeal, a mistake, omission, irregularity or defect may be corrected or supplied as the case may be, in the discretion of the court, with or without terms ”. The party desiring to amend the pleading may, therefore, apply to the court for leave to do so.
The discretion of the court is generally exercised in favor of allowing the amendment (Washington Life Ins. Co. v. Scott, 119 App. Div. 847; Lehman v. Hartke, 286 App. Div. 661; Bessant v. State of New York, 192 Misc. 42) to promote the interests of justice (Savio v. Savio, 46 N. Y. S. 2d 751).
The motion for leave to amend may be made at any stage of the action (Nebbia v. Nebbia, 111 N. Y. S. 2d 813) and may be granted even over the objection of laches (Farrell v. City of New York, 123 N. Y. S. 2d 319) within the court’s discretion (Zimmer v. Third Ave. R. R. Co., 36 App. Div. 265).
The defendant’s claim of laches is unsubstantiated. No penalty should be invoked for sensibly deferring a re-evaluation of the claim to the eve of trial when, with the retrospective view traversing its greatest span, his future damage may more realistically be appraised. To limit a plaintiff’s recovery to a sum *1080 which may be less than a reasonable award for his injury, requires in justification more than a sterile and formalistic claim of laches (Marcus v. Village of Mamaroneck, 283 N. Y. 325; Weiss v. Mayflower Doughnut Co., 1 N Y 2d 310; Feldman v. Metropolitan Life Ins. Co., 259 App. Div. 123). The charge of mere delay, without resultant prejudice, presents no valid reason for depriving a plaintiff of an opportunity to seek a full redress for the wrong inflicted (Natale v. Great Atlantic & Pacific Tea Co., 8 A D 2d 781; Dimowits v. New York City Tr. Auth., 34 Misc 2d 29).
The defendant assumes the position that this court is without jurisdiction to entertain the motion, relying on subdivision (c) of section 192 of the New York City Civil Court Act, which provides as follows:
“ For the purpose of the disposition of such actions and proceedings only, the jurisdiction of this court shall be deemed: * * =*=
“ (2) contracted to that of the abolished court so as to prevent this court from giving relief of such nature or in such amount as could not be given by the abolished court ”.
The defendant charges that an ad damnum clause of an action instituted in the former City Court may not be increased to encompass the new monetary jurisdiction of the Civil Court because the City Court would not have had the jurisdiction necessary to grant the relief requested had such a motion been made prior to September 1, 1962 when the New York City Civil Court Act became effective. In short, the defendant’s position is that the relief sought can only be obtained by removal to the Supreme Court.
Let us follow this reasoning with a hypothetical ease. Assume that there was an automobile accident where two injured passengers rode in the same vehicle. One passenger initially instituted an action for $6,000 in the former City Court shortly before September 1, 1962. The second injured passenger instituted an action for $10,000 in the new Civil Court after September 1, 1962. There would be no question but that the second suit could properly be tried only in the Civil Court. A rather strange result would ensue if the first passenger, who instituted suit in the former City Court, were required to seek leave to be heard in the Supreme Court upon finding his injuries had resulted in an additional $4,000 damages. In such case, as in the instant motion, it would serve no practical purpose in compelling the plaintiff to remove his action to the already crowded docket of the Supreme Court.
*1081 Such oddities are not unknown from a procedural view of the law but they should be fostered only when they serve some purpose or arc expressly and clearly required by a statutory mandate.
The applicable statute is not altogether clear. It states that the Civil Court may not give ‘ ‘ relief of such nature or in such amount as could not be given by the abolished court. ’ ’ A review of the former City Court cases, after the jurisdictional amount of that court had been raised to $6,000 in 1951, seeking similar amendments, sustained the power of the City Court to grant amendments which merely increased the amount sought to be recovered in actions initiated before the jurisdictional increase (Zorsopian v. Front Line Stveaters, N. Y. L. J., Jan. 31, 1952, p. 426, col. 7; Licata v. Dasam Realty Corp., N. Y. L. J., Jan. 25, 1952, p. 347, col. 2; Evans v. 170th Realty Corp., N. Y. L. J., Feb. 4,1952, p. 468, col. 4).
This is not an instance where an entirely new kind of cause of action, previously unknown to the former City Court, is sought to be added and commenced in the Civil Court. Bather, it is simply an increase in the monetary damages of a cause of action well known to both courts. The City Court had, and the Civil Court has, the power to do so.
Furthermore, section 72 of the New York City Civil Court Act provides:
“ (a) The allegations of a pleading must be liberally construed for the purpose of doing substantial justice between the parties.
“(b) At any stage of the cause the court must allow amendment of any * * * pleading * * * if substantial justice will be promoted thereby
Clearly, permission to increase the ad damnum clause of a complaint rests within the discretion of the court and such discretion should be liberally exercised.
We cannot attribute to the drafters of the New York City Civil Court Act the prohibition which the defendant claims is present in subdivision (c) of section 192.
Consequently, in the absence of express, unambiguous statutory language to the contrary, the New York City Civil Court is empowered, in actions transferred to it from the former City Court, to allow amendments increasing the amount of damage demanded to its present monetary jurisdiction.
The plaintiff is given leave to serve an amended complaint as proposed within five days from date of publication of this order and the case will retain its place on the calendar.