William T. Cowin, J.
Motion by plaintiff in a negligence action now pending in the Civil Court of the City of New York, made pursuant to subdivision (b) of section 325 of the Civil Practice Law and Buies, to (1) remove said action to this court (2) to amend the ad damnum clause of the complaint so as to increase the amount thereof from $6,000 to $10,000 (3) transfer said action, as amended, to the Civil Court.
The action was originally commenced in the City Court of the City of New York, County of Kings and was transferred to the Civil Court of the City of New York when that court came into being on September 1, 1962.
An application to amend the ad damnum clause in the Civil Court was denied. The short-form order entered thereon indicates that the denial was based on the court’s lack of jurisdiction to grant the relief sought in view of the proviso of section 192 (subd. [c], par. [2]), now section 2203 (subd. [c], par. [2]) of the New York City Civil Court Act, contracting the jurisdiction of the Civil Court to that of the abolished court, so as to prevent the Civil Court from giving relief in an amount which could not be given in the abolished court.
Some of the reported and published decisions on this subject reveal a contrary view. In Cohen v. Bezold (37 Misc 2d 1081) and in Dolce v. Cayuga Foundation Corp. (38 Misc 2d 1078), Civil Court decisions, it was held that the Civil Court had jurisdiction to increase the ad damnum clause to the jurisdictional amount of the Civil Court on cases transferred to it by virtue of section 192, now section 2203 of the New York City Civil Court Act.
The Appellate Term of this Department has recently passed on this question in Klein v. 124-132 White St. (41 Misc 2d 601). It was there held that the Civil Court was not precluded from considering on the merits an application to increase the damages sought in an action which had been transferred to that forum by the amalgamation of the Municipal Court and the Civil Court. The Appellate Term cited with approval the Cohen and Dolce cases (supra).
This court is in accord with the foregoing decisions which held that the Civil Court has such jurisdiction. In view of this holding, subdivision (b) of section 325 of the Civil Practice Law and Buies is not applicable. Said section provides the authority *915 for the removal of a cause of action from a court of limited jurisdiction where said court “ does not have jurisdiction to grant the relief to which the parties are entitled ”. (Emphasis supplied.)
Accordingly the motion is denied in all respects.