Murray T. Feiden, J.
Motion for an order increasing the ad damnum clauses of the complaint and the amount of damages *379 claimed in the original bill of particulars. The application is based upon the fact that since the service of the complaint and bill of particulars, there has been a continuing permanent disability with consequent increase in loss of earnings and other special damages, due to the passage of time. There has been no change in the nature of the injuries originally claimed.
The summons and complaint in this action were served on October 20, 1955. The bill of particulars is dated March 31, 1958. Although the case was reached for trial on April 4, 1960, to date it has not been tried. It was last set down for trial for February 21, 1964. "While there has been delay in the trial of this action, such leisurely progress of the case would not have resulted without some responsibility therefor on the part of one or more of the three defendants.
There has been delay in the making of this motion. However, to deny plaintiffs the right to increase their claims for damage as outlined in the moving papers would work a greater injustice than to deny the motion for loches. It is noted that as late as February 5, 1954 the Workmen’s Compensation Board ordered continued payments to the plaintiff and that further treatment was indicated. The compensation lien is large. While there have been decisions denying motions to amend the ad damnum clause the weight of recent authority is to permit amendments despite loches and the fact that the application is made on the eve of trial, where the application is based primarily upon a re-evaluation of the original injuries claimed and where no new element of damage is advanced. (See Calautti v. National Transp. Co., 10 A D 2d 955, where a similar motion was granted after a lapse of eight years; Nathanson v. Lutheran Hosp. Assn., 3 Misc 2d 540, 541, cited with approval in the Calautti ease; Teplitsky v. Kamensky, 9 A D 2d 671; Dimowitz v. New York City Tr. Auth., 34 Misc 2d 29; Belitsky v. Herman, 215 N. Y. S. 2d 297; Nagle v. Bryn Mawr Ridge, 7 A D 2d 1007; Burger v. Kennedy, N. Y. L. J., Dec. 19, 1960, p. 16, col. 1 [Sup. Ct., Nassau County, Gulotta, J.].)
The argument that defendant is prejudiced is not entitled to serious consideration for the reason that plaintiffs are claiming the same injuries as at the time of the commencement of the action and are merely seeking to correct an underevaluation of such injuries. As was aptly stated by Mr. Justice Walter B. Hart in Dimowitz v. New York City Tr. Auth. (34 Misc 2d 29, 30): “ ‘ Nor should the plaintiff be penalized for sensibly deferring a re-evaluation of his claim to the eve of trial when with the retrospective view traversing its greatest span, his future damage may the more realistically be appraised. *380 To limit a plaintiff’s recovery to a sum which may he less than a reasonable award for his injury, requires in justification more than a sterile and formalistic claim of loches. Marcus v. Village of Mamaroneck, 283 N. Y. 325, 332; Weiss v. Mayflower, 1 N. Y. 2d 310, 320; Feldman v. Metropolitan Life Ins. Co., 259 App. Div. 123, 125. Defendant’s charge of mere delay, without resultant prejudice, presents no valid reason for depriving plaintiff of an opportunity to seek a full redress for the wrong inflicted, if so it be found. Natale v. Great Atlantic & Pacific Tea Co., 8 A D 2d 781.’ ” (To same effect see Burger v. Kennedy, supra, and Messina v. South Nassau Communities Hosp., N. Y. L. J., Dec. 28, 1960, p. 11, col. 5 [Sup. Ct., Nassau County, Gulotta, J.].)
The amendment does not change the issues, does not affect the merits of the case and no more weight can be given to the increased amount than if it had been originally demanded. (Natale v. Great Atlantic & Pacific Tea Co., 8 A D 2d 781; Groeber v. New York City Tr. Auth., 34 Misc 2d 969, 970.) The argument in the dissenting opinion in Teplitsky v. Kamensky (supra, p. 673) that the increased amount gives the plaintiff a devastating argument to the jury, did not control the majority court in reaching its decision to permit the amendment. This court doubts that plaintiffs can take advantage of the granting of this motion in the argument to the jury if proper objection is made. However, to obviate such possibility, a condition of the granting of this motion is that the plaintiffs shall not be permitted to refer to the amendment on the trial. (See Groeber v. New York City Tr. Auth., supra.)
The motion is granted on the additional condition that the defendants shall have the right on proper application to conduct additional physical examinations of the plaintiff; that if requested by defendants plaintiff shall submit to further examinations before trial as to the issue of injuries and damages. Plaintiffs shall serve an amended bill of particulars as to the items of special damages. Any further proceedings resulting from this determination shall be conducted with expedition. There shall be a reasonable adjournment of the trial.