168

ROBERT R. WYMAN et al., Respondents, v. ANTHONY F. MORONE, Appellant. (Action No. 1.)

ETHEL COLEMAN et al., Respondents, v. ANTHONY F. MORONE, Appellant, et al., Defendants. (Action No. 2.)

Third Department, December 18, 1969.

*Gordich & Cohen* (*Bernard Meyerson* of counsel), for appellant.

*Robert J. Armstrong, Alexander Turchick* and *James T. Viger* for Robert R. Wyman and another, respondents.

*Guy C. De Lollo* (*Tabner & Carlson*, by *John W. Tabner*, of counsel), for Ethel Coleman and another, respondents.

STALEY, JR., J. These are appeals (1) from a judgment of the Supreme Court in favor of plaintiffs Robert R. Wyman and Roberta H. Wyman, entered March 19, 1969 in Albany County, and (2) from a judgment of said court in favor of plaintiffs Ethel Coleman and William Coleman, entered February 19, 1969 in Albany County, upon verdicts rendered at a Trial Term, each judgment being against defendant Morone, the jury having rendered a verdict of no cause of action in favor of defendants Wyman in Action No. 2. The two actions were tried jointly pursuant to order.

These actions arose out of a collision between an automobile owned and operated by defendant Morone, and an automobile owned by plaintiff Robert R. Wyman and operated by plaintiff Roberta H. Wyman. The collision occurred on Route 7 in the Town of Colonie on May 14, 1964. Plaintiff Ethel Coleman was a passenger in the Wyman automobile at the time of the collision.

In their complaint plaintiffs Ethel Coleman and William Coleman demanded judgments of $10,000 and $1,000 respectively. The jury, by its verdict, awarded them $12,500 and $1,654 respectively. These plaintiffs then moved for an order permitting amendment conforming their complaint to the evidence pursuant to the provisions of CPLR 3025 (subd. [c]). On February 14, 1969 the court made an order amending the *ad damnum* clause in their complaint to provide for a demand of judgments in the amount of $12,500 and $1,654 respectively. Judgment was then granted in these amounts. Appellant contends that plaintiffs Coleman cannot recover more than the amount demanded in their complaint, and the court had no power to grant the amendment increasing the demand after verdict.

CPLR 3017 (subd. [a]) authorizes the court to "grant any type of relief within its jurisdiction appropriate to the proof whether or not demanded, imposing such terms as may be just." The Advisory Committee on Practice and Procedure in its First Report to the Legislature noted CPLR 3017 (subd. [a]) was "intended to allow the widest discretion as to the type of relief"; however, "It is not intended that the court be allowed to grant more monetary relief than demanded." (First Preliminary Report of Advisory Comm. on Practice and Procedure; N. Y. Legis. Doc., 1957, No. 6 [b], p. 68.)

Plaintiffs Coleman contend that the monetary relief granted does not exceed the amount demanded since the court granted an amendment of the *ad damnum* clause of their complaint pursuant to CPLR 3025 (subd. [c]) which authorizes "pleadings to be amended before or after judgment to conform them to the evidence". Plaintiffs Coleman concede, however, that permission to increase the *ad damnum* clause lies within the sound discretion of the court.

In *Silbert* v. *Silbert* (22 A D 2d 893, affd. 16 N Y 2d 564), it was held that there could be no recovery for a sum greater than the amount requested in the prayer for relief, citing *Michalowski* v. *Ey* (7 N Y 2d 71). The court stated (p. 895): "That principle is not affected by section 3017 of the CPLR (cf. *Michalowski* v. *Ey, supra*, pp. 75–76). If it be assumed that the court granted the wife's motion, made for the first

time at the end of her case, to increase the *ad damnum* clause, it is our opinion that such a ruling was an improvident exercise of discretion (cf. *Gilliam* v. *S. M. Johnson, Inc.,* 11 A D 2d 769)."

In *Garden Hill Estates* v. *Bernstein* (24 A D 2d 512, affd. 17 N Y 2d 525) it was said: "While the statute (CPLR 3017, subd. [a]) provides that 'the court may grant any type of relief within its jurisdiction appropriate to the proof whether or not demanded,' this provision was not intended to annul or affect the existing cases which forbade a court from granting monetary awards in excess of the amounts demanded by the complaint, unless a proper amendment of the pleadings is first made (First Preliminary Report of the Advisory Comm. on Practice and Procedure; N. Y. Legis. Doc., 1957, No. 6 [b], p. 68 [26.8])."

It thus appears that the established rule that a plaintiff may not recover money damages in excess of the amount of damages demanded in the complaint has not been altered by CPLR 3017. The proviso in *Garden Hill Estates* v. *Bernstein* (*supra*), which would permit such a recovery in the event "a proper amendment of the pleadings is first made" is consistent with the rule. It would appear that a proper amendment to the pleadings would be one which is timely made without an unreasonable or lengthy delay, and upon some merit shown or valid reason advanced. (*Greenberg* v. *Bar Steel Constr. Corp.,* 27 A D 2d 651.)

Where, as here, no excuse is offered for the extended delay in moving to amend, the courts have consistently denied the relief sought. (*Kind* v. *Serebreny Corp.,* 28 A D 2d 988; *Silbert* v. *Silbert,* 22 A D 2d 893, *supra*; *Gilliam* v. *S. M. Johnson, Inc.,* 11 A D 2d 769; *Natale* v. *Pepsi-Cola Co.,* 7 A D 2d 282.)

We, therefore, conclude that it was an improvident exercise of discretion to entertain and grant the motion to increase the amount sued for after the jury had rendered its verdict. As a matter of law the granting of the motion was prejudicial to the rights of the defendant. (*Gilliam* v. *S. M. Johnson, Inc., supra.*)

It has also been held that a motion to increase the *ad damnum* clause will not be granted where the amendment would unfairly prejudice the defendant. (*Koi* v. *P. S. & M. Catering Corp.,* 15 A D 2d 775; *Cox* v. *New York Tel. Co.,* 10 A D 2d 565; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3017.05.) Defendant's reliance on the amount of damages demanded in the complaint would be seriously affected if such demand was increased after the jury verdict, thus prejudicing him in the manner he

chose to present his proof, particularly the medical proof. Prejudice in this regard means that the defendant has been deprived of taking some measures for its defense which it might have taken if the motion to increase the *ad damnum* clause had been timely made. (*Burden* v. *Cadillac Developers Massapequa Corp.*, 34 Misc 2d 37.)

The judgment in favor of plaintiffs Ethel Coleman and William Coleman must, therefore, be reduced to the sum of $10,000 and $1,000 respectively.

We have considered the other questions raised by appellant including the alleged excessiveness of the verdicts granted to plaintiffs Wyman and find no error or excessiveness.

The judgment in Action No. 1 in favor of plaintiffs Wyman should be affirmed, with costs. The judgment in Action No. 2 in favor of plaintiffs Coleman should be modified, on the law and the facts, so as to reduce the amount awarded to Ethel Coleman to $10,000, and the amount awarded to William Coleman to $1,000, and, as so modified, affirmed, without costs.

COOKE, J. (dissenting). The overruling of the trial court's allowance of the increase in the *ad damnum* clauses of the Coleman complaint is tantamount to an adjudication that the court was without power to permit the amendment after verdict and that such articles can never be altered at said time.

After the jury reported its verdicts, no application was made by appellant to set them aside as being in excess of the amounts demanded in the complaint. Within a few days and before entry of judgment, plaintiffs Coleman moved by order to show cause for amendment of the *ad damnum* provisions so as to conform to the verdict but the record is barren of any papers or reasons calling for denial of the relief. Indeed, upon this appeal, as revealed by his brief, appellant does not specify or even claim prejudice, delay or any other ground for a contrary exercise of discretion by the trial court, but contents himself, in this aspect, with the arguments, in substance, that the court had no power to grant the amendment after verdict and that plaintiffs cannot recover more than demanded in their complaint before such amendment.

The time of the making of the application for amendment, that is after the verdict, did not alone justify its denial, since leave to amend a pleading may be given " at any time "— even upon or after trial (CPLR 3025, subds. [b], [c]; Wachtel, New York Practice Under the CPLR [2d ed.], p. 141; cf. *Dittmar Explosives* v. *A. E. Ottaviano, Inc.*, 20 N Y 2d 498, 502–503), and such leave, by direction of the CPLR, must be freely given

(*Rife* v. *Union Coll.*, 30 A D 2d 504, 505; *Greenwald* v. *Howard Stores Corp.*, 24 A D 2d 626). The liberal opportunities for amendment of pleadings tie in with the statutory mandate that pleadings shall be liberally construed and defects therein ignored if a substantial right of a party is not prejudiced (Wachtel, New York Practice Under the CPLR [2d ed.], p. 141, *supra*).

It is established that permission to increase the *ad damnum* clause in an action for damages for personal injuries lies within the sound discretion of the court (*Soulier* v. *Harrison*, 21 A D 2d 725; 6 Carmody-Wait 2d, New York Practice, § 34:16) and the legislatively stated policy of liberality should be observed so long as there is no real prejudice to an adversary (*Rife* v. *Union Coll.*, *supra*; *Bird* v. *Board of Educ. of North Colonie Cent. Schools*, 29 A D 2d 812; *De Filippo* v. *City of Schenectady*, 21 A D 2d 947). Prejudice, in this context, is not exposure to a greater recovery, but that which disables a defendant from preparing his case or that which deprives him of taking some measure in support of his position (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3025.15; McKinney's Cons. Laws of N. Y., Book 7B, Supplementary Practice Commentary by Professor Siegel, 1969 Cum. Ann. Pocket Part following CPLR 3017, p. 151). There is no showing, nor in fact is there even a claim, that appellant was prejudiced "in the manner he chose to present his proof, particularly the medical proof." Defendant Morone does not indicate one single measure or step he was unable to or did not take, in view of the increased demand. He does not argue or demonstrate that he relied on the amount demanded. The record is so absolutely devoid of a showing of, or even an assertion of, prejudice that there is an absence of prejudice as a matter of law (cf. *Hirsch* v. *Flick*, 17 A D 2d 961).

The amendment as to the *ad damnum* clause did not change the proof with which defendant Morone was faced, the issues were not altered and the injuries and special damages were not modified. The threat to a defendant by such an amendment is proportionate to the true extent of a plaintiff's injuries, no matter what the demand in the complaint may be, for it is common knowledge that a demand is no true barometer for recovery (*Nathanson* v. *Lutheran Hosp. Assn.*, 3 Misc 2d 540, 542). Certainly, the trial court was in a better position to decide if the parties were aware of the magnitude of the injuries before trial and whether, if the amendment had been allowed before trial, the defendant would have altered his strategy (McLaughlin, 1968 Survey of New York Law — Civil Practice, 20 Syracuse L. Rev, 449, 476).

Mere lapse of time is not a sufficient ground for denial of a motion to amend the *ad damnum* clause (*Bird* v. *Board of Educ. of North Colonie Cent. Schools,* 29 A D 2d 812, *supra*; *Mermelstein* v. *Lee,* 23 A D 2d 689; *Bentivegna* v. *Boscha,* 18 A D 2d 835; *Hirsch* v. *Flick, supra*; *Calautti* v. *National Transp. Co.,* 10 A D 2d 955). On such an application, in *Bird*, this court recently stated that " ' Defendant's charge of mere delay, without resultant prejudice, presents no valid reason for depriving plaintiff of an opportunity to seek a full redress for the wrong inflicted, if so it be found.' " To limit a plaintiff's recovery to a sum which is less than a reasonable award for his injury requires a justification more than a sterile and formalistic claim of delay or laches (*Rosa* v. *Walter Co.,* 42 Misc 2d 378, 380; *Dolce* v. *Cayuga Foundation Corp.,* 38 Misc 2d 1078, 1079–1080; *Dimowitz* v. *New York City Tr. Auth.,* 34 Misc 2d 29, 30; *Belitsky* v. *Herman,* 215 N. Y. S. 2d 297, 298). Delay should not be confused with laches, the latter being not mere delay, but delay accompanied by prejudice (*Marcus* v. *Village of Mamaroneck,* 283 N. Y. 325, 332; *Barelko* v. *Powder Power Tool Corp.,* 14 A D 2d 670; *Feldman* v. *Metropolitan Life Ins. Co.,* 259 App. Div. 123, 125; *Matter of Boylan,* 249 App. Div. 35, 38, affd. 277 N. Y. 539).

Paraphrasing the language of *Dimowitz* v. *New York City Tr. Auth.* (*supra*), quoted at length in Weinstein-Korn-Miller, New York Civil Practice (vol. 3, par. 3017.05), plaintiffs Coleman should not be penalized because of the lack of knowledge of their counsel of the amounts demanded in their complaint, the excuse offered in the moving papers before the trial court. The failure of appellant's counsel to move or object on the rendition of the verdict indicates a similar lack of awareness on his part. The merit of the application to amend was obvious from the jury's appraisal of the damages actually sustained, as alluded to in the moving affidavit.

As part of the practice liberality retained and made emphatic by the CPLR (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3017.04), subdivision (a) of CPLR 3017 permits the court to " grant any type of relief within its jurisdiction appropriate to the proof whether or not demanded ". This subdivision deals with the " type of relief " a court may grant, it says nothing about amendments to a complaint whereby certain relief would be demanded. It is obvious that the Advisory Committee was not addressing the subject of amendments to a complaint when it said that CPLR 3017 (subd. [a]) was not intended to allow a court to grant an award in excess of the amount demanded (First Preliminary Report of Advisory Comm. on Practice

and Procedure, 1957, p. 68 [26.8]). Significantly, the Advisory Committee notes to CPLR 3025 mention "broad discretion" and the "policy of liberality" (id., p. 78, [26.13]) and, if it were intended that such a limitation apply, even where there is an amendment to the complaint, this would have been the place to insert the limitation. This position is supported by *Garden Hill Estates* v. *Bernstein* (24 A D 2d 512, affd. 17 N Y 2d 525) wherein the Second Department stated that said provision of CPLR 3017 (subd. [a]) was not intended to annul existing cases which forbade a court from granting monetary awards in excess of the amounts demanded by the complaint, "unless a proper amendment of the pleadings is first made". The insertion of this exclusionary clause, regarding proper amendments to pleadings being first made, specifies an exception to the usual rule pertaining to monetary awards in excess of amounts demanded in the pleadings.

A judgment is the determination of the rights of the parties in an action or special proceeding (CPLR 5011; *Wood* v. *City of Salamanca*, 289 N. Y. 279, 282), it having been referred to as the law's last word in a judicial controversy (*Matter of Steinberg* v. *Mealey*, 263 App. Div. 479, 481, app. dsmd. 296 N. Y. 614). A verdict is not a judgment (*Fuentes* v. *Mayorga*, 7 Daly 103, 104; cf. *City of Aurora* v. *Powell*, 153 Colo. 4). An amended pleading supersedes the original pleading (*Volpe* v. *Manhattan Sav. Bank*, 276 App. Div. 782; Wachtell, New York Practice Under the CPLR [2d ed.], p. 143; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3025.12) and, therefore, when the court in this case awarded its judgment, it did not grant a monetary award in excess of the amount demanded in the complaint. Any reliance on the Advisory Committee notes to CPLR 3017 (subd. [a]) ignores the fact that, here, a motion to amend was made and granted.

In *Michalowski* v. *Ey* (7 N Y 2d 71) there was no motion to amend the complaint. Likewise, *Silbert* v. *Silbert* (22 A D 2d 893, affd. 16 N Y 2d 564) is distinguishable since, there, the increase was due to specific dollar amounts of necessaries not included in the counterclaim whereas, here, the increase is not due to any new claims of injuries. In *Silbert*, defendant did not have knowledge of the specific necessaries claimed in the increase, while in the case at bar appellant had full information as to the injuries claimed by plaintiffs Coleman.

In *Gilliam* v. *S. M. Johnson, Inc.* (11 A D 2d 769), a motion was granted to increase the amount demanded from $25,000 to $100,000 and the award of $39,102.40 finally made by the trial court was found to be excessive. Here, the verdict for

Mrs. Coleman was not excessive and the increases in the *ad dammum* were merely from $10,000 to $12,500 and from $1,000 to $1,654. While mere exposure to greater liability does not constitute prejudice to a defendant, a substantial increase in the *ad dammum*, especially if made after trial has begun or after verdict, is more likely to prejudice a defendant than a small enlargement (see Peterfreund, Annual Survey of New York Law-Civil Practice, 35 N.Y.U. L. Rev. 1561, 1568–1569).

The majority has found no excessiveness in the Wyman verdicts and has not stated that the verdicts as awarded by the jury to the Colemans were too high. As a matter of fact, the injuries of Mrs. Coleman were substantially similar to those of Mrs. Wyman and the latter's verdict was $6,000 more. Under the circumstances, the verdicts not being excessive and there being no showing of prejudice to appellant, the granting of the motion to amend certainly was the more just course (cf. *Rife* v. *Union Coll.*, 30 A D 2d 504, 505–506, *supra*; *Town Bd. of Town of Fallsburgh* v. *National Sur. Corp.*, 53 Misc 2d 23, 27, affd. 29 A D 2d 726).

The judgments should be affirmed.

HERLIHY, P. J., REYNOLDS and GREENBLOTT, JJ., concur with STALEY, JR., J.; COOKE, J., concurs in the result in Action No. 1, and dissents in Action No. 2 and votes to affirm, in an opinion.

Judgment in Action No. 1, in favor of plaintiffs Wyman, affirmed, with costs. Judgment in Action No. 2, in favor of plaintiffs Coleman, modified, on the law and the facts, so as to reduce the amount awarded to Ethel Coleman to $10,000, and the amount awarded to William Coleman to $1,000, and, as so modified, affirmed, without costs.