Matthew M. Levy, J.
This is a motion by the plaintiff to amend her notice of claim and the complaint to increase the damages demanded.
The accident occurred in March, 1960. The complaint was served in April, 1961. While the plaintiff seems to me to have been aware of the extent of her injuries prior to the service of her complaint, the defendant has not, in my opinion, been prejudiced by the plaintiff’s failure to anticipate the damages she would likely suffer.
The defendant relies upon the case of Natale v. Pepsi-Cola Co. (7 A D 2d 282) wherein the Appellate Division held that, where “ the increase in the ad damnum clause is sought during trial, it should appear that the * * * amount demanded is consonant with the proof of damages and not excessive, otherwise it cannot be said to be without prejudice to the defendant ’ ’ (p. 285). But, in a related case (not cited by the defendant), Natale v. Great Atlantic & Pacific Tea Co. (8 A D 2d 781) I find that where the motion was made before and not at the trial, the Appellate Division — holding that it was within the judicial discretion of Special Term to grant the motion — said: “ The amendment granted does not change the issues and, in our opinion, in no wise is indicative of the merits of the case. We give no more weight to the increased amount than we would have given had it been asserted originally. That is, an ad damnum clause merely informs an adversary of the maximum amount of the claim asserted without in any wise being proof of injury or indeed of liability.” At this point it is quite pertinent to note that the present cause has not yet been noticed for trial.
Although the defendant opposes the motion on the ground that the plaintiff has not submitted corroborative medical proof to substantiate causal connection to warrant the increased damages, the hospital and physicians’ prior records and reports *971 adequately demonstrate that the plaintiff’s damages may be substantially greater than originally claimed. Particularly is that so considering the fact that the plaintiff’s special damages for medical expenses and loss of earnings continue to increase because of her condition and inability to pursue her former more gainful occupation and that she will continue to suffer from the effects of the injuries. In my view, the increase in damages demanded appears warranted, especially in the light of the medical history connected with the accident and the injuries resulting therefrom. And, interestingly enough, although the plaintiff has heretofore offered to submit to a physical examination by the defendant, the defendant has refused to conduct such an examination — a step which would normally be deemed to be of advantage in the defense of the litigation.
In any event, as has been pointed out, the amendment is not in any way “ indicative of the merits of the ease ” and, certainly, is not proof of damages. They must be established by proper proof at the trial. As the determination of damages is the function of the trial tribunal, and the amendment merely informs the defendant of the amount of the plaintiff’s claim, no harm which is recognizable as a matter of law can result to the defendant from the allowance of the plaintiff’s claim of increased damages.
In the circumstances presented here, I should not “ deprive [the plaintiff] of [her] opportunity to present [her] entire claim to the court” upon the trial (Natale v. Pepsi-Cola Co. 7 A D 2d 282, 285, supra). Accordingly, the notice of claim and the complaint are deemed amended so as to claim damages of $250,000, upon the conditions (1) that the plaintiff does not refer upon the trial, or at any phase thereof, to the fact that there was a change in the damages demanded or that the increase was permitted by order of the court; and (2) that, if requested by the defendant, the plaintiff shall submit to a physical examination on behalf of the defendant; and (3) that if requested by the defendant, the plaintiff shall submit to a further oral examination before trial on the issues of injuries and damages.