Jack Stanislaw, J.
The motion is for an order ‘ ‘ permitting the petitioner (claimant) herein, to file an amended Notice of Claim upon the Inc. Village of Westhampton Beach, New York, said amendment or notice to be as of the date of the original filing.”
Petitioner, in her supporting affidavit, states: u The previous Notice contained all the pertinent data required by statute and was complete with the exception of the extent of my claim for damages ”.
Attached to the moving papers are the two documents relied on by petitioner as her initial notice of claim and proposed amended notice of claim. The first document is, in fact, a completed copy of a standard form “ State of New York Claim for Volunteer Firemen’s Benefits in Death Case” (generally known as a VF-62 form). In addition to stating that claimant is the spouse of a deceased volunteer fireman, it contains the following information: the name of decedent’s fire company; the political subdivision liable for benefits; the name of the insurance carrier (State Insurance Fund); the date, hour and *1083 place of injury; the date of death; that the injury occurred in the line of the decedent’s duty in the jurisdiction of his fire district or political subdivision; the cause of the injury; and the names and addresses of decedent’s surviving dependents. Said document further notes the name and address of claimant’s attorney and indicates that the original was executed by her. The form states that the claim is made pursuant to the Volunteer Firemen’s Benefit Law, which provides that the claim for death benefits must be filed with the ¡Chairman of the Workmen’s Compensation Board and a copy filed with the same political subdivision with which the notice of death was filed. The document is dated April 26, 1968 (17 days after the date 'of injury and death of the deceased volunteer fireman).
The second document is entitled: “ Notice of Claim — Amendment of Claim of April 26, 1968.” This document is clearly not a VF-62 form. It is, rather, the form of notice required, pursuant to section '50-e of the General Municipal Law in a case founded upon tort, as a condition precedent to the commencement of an action or special proceeding against a public corporation or officer, appointee or employee thereof. The informational requirements of both forms of notice are similar, but not identical. The notice required under section 50-e of the General Municipal Law must state 11 the manner in which the claim arose.” Petitioner’s April 26, 1968 notice does not. A further and even more significant distinction is that the claim under section 50-e of the General Municipal Law is founded upon the negligence of the party upon whom the notice is served, while the notice served under the Volunteer Firemen’s Benefit Law is not. They are, indeed, two entirely different forms of notice, prescribed by two completely different statutes and, although arising out of the identical occurrence, the nature and purpose of the claims are not the same.
If this application had been made to amend a notice served by petitioner under section 40 of the Volunteer Firemen’s Benefit Law or to amend a notice served by her under section 50-e of the General Municipal Law, to increase the amount of damages claimed, the application would be granted .(Groeber v. New York City Tr. Auth., 34 Misc 2d 969; Rasa v. City of New York, 277 App. Div. 780). But although denominated a motion to amend, it is not. In essence, this is an application to serve an initial notice under section 50-e of the General Municipal Law, after expiration of the 90-day period prescribed by law. While the Legislature has authorized the court to exercise its discretion, under certain prescribed circumstances, to permit service of the notice of claim required as a condition precedent *1084 to the commencement of a tort action against a public corporation within a reasonable time after the expiration of the 90-day period (General Municipal Law, § 50-e, subd. 5), or to amend such notice in order to cure a mistake, omission, irregularity or defect therein made in good faith (General Municipal Law, § 50-e, subd. 6), there is no authority to transform a notice of claim served under section 40 of the Volunteer Firemen’s Benefit Law into a notice of claim, grounded in tort, which is the prerequisite to the commencement of an action against a public corporation, as prescribed by section 50-e of the General Municipal Law. iSince no initial form of the latter type notice was served within the prescribed 90-day period, there is no basis for authorizing service of an amendment to such notice. The motion, therefore, is denied.