opinion of the court
Joseph P. Kuszynski, J.
In this motion to renew and reargue, plaintiffs John Walter as father and natural guardian of Christopher Walter, an infant, and John Walter, individually, seek to amend the complaint pursuant to CPLR 3025 to increase the ad damnum clause from $125,000 to $600,000 and to add a cause of action in strict liability in tort.
The infant plaintiff, Christopher Walter, allegedly sustained injury to his eye in October, 1975 at Our Lady of Pompeii School where he was a student, while performing a science experiment with a ruler and rubber bands. The experiment was described in the book Discovering Science 4 published by the Charles E. Merrill Publishing Com *190 pany. The injury resulted in two surgeries on the cataract of the injured eye with a 1977 prognosis of “Good, eye healed well. Best corrected vision with contact lenses 20/60.” A later report dated in 1978 showed an improvement to a corrected vision of 20/30 and 20/40.
The action before this court was commenced on October 2, 1978. Afterwards there was a change of trial counsel.
Analyzing the substance of the affidavit of plaintiff John Walter, it is noted that it does not show the incurrence of any additional medical expenses or a medical • history which might justify the request for a change in the ad damnum clause. The condition of the infant plaintiff’s eye has actually improved over that which was allegedly reported in the postoperative prognosis, upon which the cause of action was based. (Cf. Gisondi v Town of Harrison, 16 AD2d 929; Groeber v New York City Tr. Auth., 34 Misc 2d 969.) Requests to modify the ad damnum clause are addressed to the sound discretion of the court. Under the circumstances, the amount requested in the original ad damnum clause should remain as is, as plaintiff had failed to show that it is inadequate or that the increase is warranted by reason of a recent discovery of additional facts. (See City of Watertown v Roy, 73 AD2d 832; Lycett v Niagara Frontier Tr. Systems, 81 AD2d 1034.)
In a novel theory, plaintiff contends that the defendant, Charles E. Merrill Publishing Company, is subject to a cause of action in strict liability in tort, because of the experiment it published in Discovering Science 4 which allegedly led to the injury. Plaintiff maintains that “A product may be defectively designed when it represents an unreasonable risk or harm, containing dangerous design, defects and/or when there is a failure to warn about danger attendant upon the use of a product.” It is claimed the experiment contained in the textbook was inherently defective because it contained an unreasonable risk or harm by placing dangerous instrumentalities of rubber bands and ruler in the hands of fourth grade students and also because the article had failed to post any warning regarding these dangers.
Plaintiffs argue that therefore the elements of strict tort liability listed in Micallef v Miehle Co., Div. of Miehle-Goss *191 Dexter (39 NY2d 376), and Wolfgruber v Upjohn Co. (72 AD2d 59), are present.
This court concludes that the theory of action grounded upon strict tort liability is not applicable to the current situation. The duty to warn is an expanding area of litigation due to the growing complexity of products sold in today’s marketplace. Strict liability in tort is meant, however, to protect the customer from defectively produced merchandise. Discovering Science 4 cannot be said to be a defective product, for the infant plaintiff was not injured by use of the book for the purpose for which it was designed, i.e., to be read. More importantly perhaps, the danger of plaintiff’s proposed theory is the chilling effect it would have on the First Amendment — freedoms of speech and press. Would any author wish to be exposed to liability for writing on a topic which might result in physical injury, e.g., how to cut trees; how to keep bees?
Plaintiffs’ motions are denied.