OPINION OF THE COURT
Edward M. Horey, J.
The motion is for summary judgment. It is brought by the defendant National Spa Pool Institute (hereinafter referred to as NSPI). That institute acts as a manufacturers’ trade association for swimming pools. It is alleged that among its functions is certifying swimming pools and equipment together with reviewing such equipment and recommending changes in design. In contrast to such organizations as Consumers Reports, NSPI is an organization representing the interests of manufacturers.
The action which the plaintiffs have brought against NSPI and several other defendants arises out of an unfortunate dive by the plaintiff, Brent Howard, into an above-the-ground swimming pool containing a uniform depth of four feet of water. The dive resulted in rendering such plaintiff a quadriplegic.
The action asserted by the plaintiff against the defendant, NSPI, is broadly stated in a single paragraph occupying three typed pages of the amended complaint. The issuance of statements allegedly misrepresenting the safety of above-ground swimming pools appears to be at the heart of the plaintiffs’ complaints against this defendant. All other allegations against this defendant charge it to have acted negligently and carelessly in a host of respects.
Read in its fullest context the plaintiff has pleaded, certainly not nicely and with precision, sufficient allegations to support four theories of actions against NSPI. In the judgment of this court they are negligent misrepresentation, strict products liability, breach of warranty and negligence. The court treats these theories in the stated order.
I. NEGLIGENT MISREPRESENTATION.
If the theory of the cause of action pleaded be considered as negligent misrepresentation reliance upon the information is required.
See, Hanberry v Hearst Corp. (276 Cal App 2d 680, 81 Cal Rptr 519), where a purchaser of shoes containing the Good *52 Housekeeping Seal sustained personal injury when the shoes would not hold on a vinyl floor and the plaintiff was injured.
See Hempstead v General Fire Extinguisher Corp. (269 F Supp 109), where a certifier of a fire extinguisher which exploded causing personal injury to the user was sued.
See Glanzer v Shepard (233 NY 236), where a public weigher erroneously reported the weight of a quantity of beans which caused the plaintiff buyer, relying thereon, to overpay the seller.
See White v Guarente (43 NY2d 356), wherein the court held that the duty of an accountant to properly report financial information extended not solely to the persons for whom the contract was made but extended to a limited class whose reliance should have been anticipated.
See Chemical Bank v National Union Fire Ins. Co. (74 AD2d 786), wherein a real estate appraiser made an inordinately high appraisal to the damage of a bank which financed the sale of the appraised realty. While not stated the plain inference is that the financing party relied upon the appraisal.
See Roman v City of New York (110 Misc 2d 799), wherein it was alleged that the plaintiff relied on a booklet issued by a planned parenthood organization in refraining from using contraceptives.
See also, Cornell Law Review article entitled Liability of Certifiers of Products for Personal Injuries to the User or Consumer (vol 56, at 132, 135, n 14 [Nov. 1970]).
See also, Restatement (Second) of Torts § 311, where reliance upon the information is recited as a necessary ingredient in negligent misrepresentation involving risk of physical harm.
Viewed as allegations of negligent misrepresentation, the cause of action against the National Spa and Pool Institute must fail because it fails to allege that the plaintiff relied upon the information supplied.
In the opinion of the court, an additional ground of rejecting the plaintiffs’ cause of action exists if it is viewed as pleading negligent misrepresentation. Such deficiency is the failure of the plaintiffs to allege that they are encompassed within such a group or entity that the defendant, NSPI, can be charged with having reasonably contemplated that they would rely upon the representation which was made.
The allegation in the complaint alleges that the defendant, *53 NSPI, negligently and carelessly misled and misrepresented the "general public” that the hazards of diving into above-ground swimming pools did not exist.
This court’s review of law discloses that while negligently imparting words upon which others might rely and act upon may be actionable, the party seeking redress must be the person or at least one of the persons in a class who could reasonably be anticipated to rely and take action upon the erroneous statement. (See, Ultramares Corp. v Touche, 255 NY 170; Glanzer v Shepard, 233 NY 236, supra; White v Guarente, 43 NY2d 356, supra.)
To date the broadest extension of this requirement which this court has discovered is the case of White v Guarente (43 NY2d 356, supra). There it was stated that the party seeking redress should be one of a “fixed, definable and contemplated group” (see, 43 NY2d, at p 362). The court proceeded to determine in White v Guarente (supra) that plaintiff there, as a limited partner, was seeking redress "not as a mere member of the public, but as one of a settled and particularized class among the members of which the report would be circulated” (43 NY2d, at p 363; italics added). It was on this basis that action of the plaintiff was permitted.
Similarly, in Chemical Bank v National Union Fire Ins. Co. (74 AD2d 786, supra), the cause of action of the plaintiff for negligent misrepresentation was permitted only because the plaintiff as the financing party was held to be one who was or should have been in the contemplation of the appraiser, a party who would rely upon the appraisal.
This court has found no case, and counsel has not cited any case wherein a plaintiff merely as a member of the general public may assert a cause of action for negligent misrepresentation.
As a faceless member of an unresolved class of persons not marked by any definable limits, the opinion of this court is that he has no cause of action for negligent misrepresentation. This court does not believe that the principle determined in Ultramares Corp. v Touche (255 NY 170, supra) has been extended to this extent.
II. STRICT PRODUCTS LIABILITY.
If the cause of action which the plaintiffs seek to assert against the defendant NSPI is viewed as one of strict products liability, it is also objectionable. This is for the reason that *54 such a cause of action "deals with the liability of manufacturers, wholesalers, distributors, retailers, makers of component parts, and processors of materials for product related injury or damage.” (See, 1 NY PJI 2d 157 [Feb. 1986 Supp]; 1 NY PJI 2d 341-345.) The defendant, National Spa and Pool Institute, as a trade association certifier of swimming pool equipment is not embraced within the recited group against whom an action for strict products liability may be brought.
Further, the basis of strict products liability is "risk-spreading”. Under the theory of strict products liability, liability is imposed on the manufacturer because the manufacturer is in the best position to insure against the loss and pass the cost to the public by charging higher prices. (See, 56 Cornell L Rev, op. cit., at 143.)
The theory was succinctly summarized in Escola v Coca Cola Bottling Co. (24 Cal 2d 453, 462, 150 P2d 436, 441): "Those who suffer injury from defective products are unprepared to meet its consequences. The cost of an injury and the loss of time or health may be an overwhelming misfortune to the person injured, and a needless one, for the risk of injury can be insured by the manufacturer and distributed among the public as a cost of doing business.”
It is conceded that argument can and has been made that a certifier, if hired by the manufacturer, should be equated to the manufacturer and share in liability resulting from the manufactured product which it certified. (See, 56 Cornell L Rev, op. cit., at 143.) However, in the two cases which this court has found that actively considered the question, neither were persuaded to make the necessary extension of product liability to such certifiers.
In Hanberry v Hearst Corp. (276 Cal App 2d 680, 688, 81 Cal Rptr 519, 524, supra) the court stated: "We believe this kind of liability for individually defective items should be limited to those directly involved in the manufacturing and supplying process, and should not be extended through warranty or strict liability to a general endorser who makes no representation it has examined or tested each item marketed.”
While the court in Hanberry (supra) included in its statement the ingredient of certification of a particular manufactured item as contrasted with manufactured items generally, the Supreme Court of New York in Beasock v Dioguardi Enters. (130 Misc 2d 25) made no such distinction. That court in an exceptionally erudite, detailed, well-reasoned and docu *55 merited decision refused to extend the doctrine of strict products liability to a certifier of manufactured goods generally.
In granting a manufacturers’ trade association, the Tire and Rim Association, a motion for summary judgment, the court pointedly noted that the only thing that the association placed in the stream of commerce was its publications and such publications did not produce the injuries complained of. As a consequence, the court held that publications "cannot serve as the basis for the imposition of liability under a theory of either strict products liability or breach of warranty” (citing Beasock v Dioguardi Enters, 130 Misc 2d, at pp 29-30; Walter v Bauer, 109 Misc 2d 189, mod 88 AD2d 787; cf. Brocklesby v United States, 753 F2d 794).
HI. BREACH OF WARRANTY.
If the action pleaded by the plaintiff against the defendant NSPI is viewed as one for breach of warranty, it is subject to the same deficiencies and inadequacies as attend the action viewed as one in strict products liability, viz., it also must be an action "against defendants who are directly involved in the manufacture or distribution of the product which caused the injury” (Beasock v Dioguardi Enters., 130 Misc 2d, at p 29).
IV. NEGLIGENCE.
Finally, if the action against the defendant NSPI is viewed as sounding in negligence it is also deficient. Lacking is any duty of such defendant to the plaintiff.
No authority need be cited for the basic proposition that an action in negligence requires a duty of the defendant to the plaintiff and a breach of that duty resulting in damages.
Here, the plaintiff proceeds on the concept that the defendant NSPI somehow or other is responsible for the manufacture of the swimming pool. The facts are clear NSPI did not manufacture any product.
More importantly NSPI did not have the duty or the authority to control the manufacturers who did produce the product here in question, viz., the swimming pool. For the defendant NSPI to be responsible for the negligence of the manufacturer it must appear that such defendant controlled the tort-feasing manufacturer. In Pulka v Edelman (40 NY2d 781, 784), Judge Cooke, speaking for the Court of Appeals, stated it succinctly, viz., "[a] duty to prevent such negligence *56 should not be imposed on one who does not control the tortfeasor”. Expanding on this statement the court also noted that "[although it is reasonable to require one person to be responsible for the negligent conduct of another in some instances, it is unreasonable to impose that duty where the realities of every day experience show us that, regardless of the measures taken, there is little expectation that the one made responsible could prevent the negligent conduct.” (40 NY2d, at p 785.)
Similarly, in Vogel v West Mountain Corp. (97 AD2d 46, 50 [3d Dept 1983]) the absence of any demonstration that a sponsor of a ski event controlled the supervision of that event and could have prevented the negligent conduct led to a holding that "the existence of a duty has not been established”.
More recently Beasock v Dioguardi Enters. (130 Misc 2d 25, 31, supra) applied the principle in an attempted suit against a manufacturers’ trade association. This is a case completely analogous to the one at bar because it deals not only with allegations of failure of a trade association to control the manufacturing of the product but also with allegations of failure of such trade association to give warning. On both scores the court found no duty to exist.
Similarly, this court finds no basis for an action in negligence against the defendant NSPI because of the absence of any demonstrated duty of that defendant to the plaintiffs.
The court has not considered the separate motion of the defendant NSPI on the question of jurisdiction and the application of the "long arm” statute. A different Special Term ordered that those issues could be renewed by NSPI only after all discovery proceedings were completed. This has not been done. However, in the opinion of the court the issue of jurisdiction of the court is rendered moot by the decision herein. One need not worry about the forum of an action when no action exists in that forum. Decision on motion for summary judgment is for the defendant NSPI.