■ In the Matter of NEW YORK STATE SILICONE BREAST IMPLANT LITIGATION. CAROLINE E. SORGER et al., Appellants, v DOW CHEMICAL CORPORATION, Respondent, et al., Defendants. [642 NYS2d 681] —Order, Supreme Court, New York County (Joan Lobis, J.), entered October 26, 1994, which, to the extent appealed from, amended orders of said court and Justice entered May 11 and 19, 1994, granted defendant Dow Chemical's motion for summary judgment dismissing all claims pleaded against it and had such determination apply to all silicone breast implant actions venued in New York State, and order,

same court and Justice, entered September 27, 1995, which denied plaintiffs' motion to vacate such dismissal (166 Misc 2d 299), unanimously affirmed, without costs.

The IAS Court properly determined in its initial orders that there was no basis for liability in light of *In re Silicone Gel Breast Implants Prods. Liab. Litig.* (837 F Supp 1128). Although the Federal court thereafter partially vacated its prior determination and found that the defendant-respondent arguably owed a duty to the general, indeterminate class of medical patients obtaining silicone implants based on a theory of negligent undertaking (887 F Supp 1455), the IAS Court properly declined to follow that revised determination. A party who gives advice to a manufacturer of consumer goods does not owe a duty to then-unknown individual purchasers of the manufacturer's goods (*see, Howard v Poseidon Pools*, 133 Misc 2d 50, 53, *affd in relevant part* 134 AD2d 926, *affd on other grounds* 72 NY2d 972). Concur—Murphy, P. J., Sullivan, Wallach, Nardelli and Tom, JJ.