**Valerie ROUNTREE, individually and as Personal Representative of the Estate of April Lynne Cox; Morgan Schediwy, a minor through her natural mother and guardian Valerie Rountree; and Christopher Cox, Plaintiffs,**

v.

**CHING FENG BLINDS INDUSTRY CO., LTD.; Wal–Mart Stores, Inc.; and Window Covering Manufacturers Association, Defendants.**

No. A04–112 CV JWS.

United States District Court, D. Alaska.

Feb. 10, 2005.

## ORDER FROM CHAMBERS

SEDWICK, District Judge.

### I. MOTION PRESENTED

At docket 9, the Window Covering Manufacturers Association ("WCMA") moves to dismiss the complaint for lack of personal jurisdiction. At docket 17, Valerie Rountree and Christopher Cox ("Plaintiffs") oppose the motion. Oral argument has not been requested and would not assist the court.

### II. BACKGROUND

This is the second time the court has addressed the question whether it has personal jurisdiction over WCMA. The first time was at docket 24. There, the court decided it does not have general jurisdiction over WCMA, but did not decide whether it has specific jurisdiction over WCMA.[1] For the court to have specific jurisdiction over WCMA, plaintiffs must have a cause of action against WCMA that arises from activities it purposefully directed at Alaska.[2] The court did not decide whether it has specific jurisdiction over WCMA because it was not clear that plaintiffs have a cause of action against WCMA.[3] To assist the court in deciding whether plaintiffs have a cause of action against WCMA, the court directed the parties to submit briefing on the applicable law and trade association liability under that law.[4] The parties have submitted thorough, helpful briefing.

### III. STANDARD OF REVIEW

In the absence of a federal statute, district courts follow the forum state's law to determine whether jurisdiction exists.[5] Alaska law allows courts to exercise jurisdiction over nonresident defendants to the limits allowed by federal due process.[6] Consequently, "the jurisdictional analyses under [Alaska] law and federal due process are the same."[7]

When a defendant moves to dismiss a complaint for lack of jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction exists.[8] If the defendant's motion is based on the pleadings and other written material, rather than findings made at an evidentiary hearing, the plaintiff only needs to make a *prima facie* showing that jurisdiction exists.[9] The court must construe documents submitted by the plaintiff in support of its *prima facie* case "in the light most favorable to the plaintiff" and resolve all doubts in its favor.[10]

---

1. Doc. 24 at 3.

2. *Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 802 (9th Cir.2004) (quoting *Lake v. Lake,* 817 F.2d 1416, 1421 (9th Cir. 1987)).

3. Doc. 24 at 3.

4. *Id.* at 4.

5. Fed. R. Civ. P. 4(k)(1)(A).

6. *Stephenson v. Duriron Co.,* 401 P.2d 423, 424 (Alaska 1965). *See* Alaska Stat. § 09.05.015(c).

7. *Schwarzenegger,* 374 F.3d at 801 (citing *Panavision Int'l, L.P. v. Toeppen,* 141 F.3d 1316, 1320 (9th Cir.1998)).

8. *Id.,* 374 F.3d at 800 (citing *Sher v. Johnson,* 911 F.2d 1357, 1361 (9th Cir.1990)).

9. *Id.*

10. *Metro. Life Ins. Co. v. Neaves,* 912 F.2d 1062, 1064 n. 1 (9th Cir.1990) (quoting *CutCo*

## IV. DISCUSSION

### A. Alaska Law Applies

 When exercising diversity jurisdiction, federal district courts apply the forum state's choice-of-law rules to determine what law applies to the case.[11] Alaska courts have adopted the choice-of-law rules set forth in the Restatement (Second) of Conflict of Laws.[12] Under the Restatement, the applicable law for tort cases is the law of the state with the "most significant relationship to the occurrence and the parties."[13] To decide what state has the most significant relationship, courts consider "(a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered."[14]

After considering those factors, the court concludes that Alaska law governs plaintiffs' action against WCMA. Alaska was where April Lynne Cox resided and where she died after becoming entangled in blinds manufactured by one of WCMA's members.[15] Those facts, and the fact that the blinds were purchased from a store in Alaska,[16] establish Alaska as the center of the relationship between the parties. Alaska is also where the actionable conduct-WCMA's alleged failure to adequately warn plaintiffs about the blinds-occurred. WCMA's warnings were given in Alaska because they were attached to blinds sold in Alaska.[17] Finally, although WCMA is incorporated outside Alaska,[18] that fact is insignificant in light of Alaska's contacts with this case and its interest in the safety of products sold within its borders.

### B. Specific Jurisdiction Exists

 The court has specific jurisdiction over WCMA because three conditions have been met. First, plaintiffs have made a *prima facie* case that they have a cause of action against WCMA.[19] Second, their cause of action arises from activities that WCMA purposefully directed at Alaska.[20] Third, exercising jurisdiction over WCMA is reasonable.[21]

### 1. Cause of Action

 Plaintiffs' mostly likely cause of action against WCMA is for negligence in creating the warnings on the blinds. They have a cause of action against WCMA for negligence only if WCMA owes them a duty of care. Although the existence of a duty is a question of law, the answer to that question depends on the facts of the case.[22] Because WCMA moves to dismiss for lack of personal jurisdiction, plaintiffs only need to offer evidence establishing a *prima facie* case that a duty exists.[23] They do not need to offer evidence proving that WCMA owes them a duty.

---

*Indus. v. Naughton,* 806 F.2d 361, 364 (2d Cir.1986)).

**11.** *Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496–97, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941).

**12.** *Savage Arms, Inc. v. W. Auto Supply Co.,* 18 P.3d 49, 53 (Alaska 2001).

**13.** Restatement (Second) of Conflict of Laws § 145(1).

**14.** *Id.* § 145(2)(a)-(d).

**15.** Doc. 6 at 2.

**16.** *Id.* at 3.

**17.** Doc. 17, ex. 5.

**18.** Doc. 9 at 2.

**19.** *Schwarzenegger,* 374 F.3d at 802 (quoting *Lake,* 817 F.2d at 1421).

**20.** *Id.*

**21.** *Id.*

**22.** *Smith v. State,* 921 P.2d 632, 634 (Alaska 1996) (quoting *Estate of Breitenfeld v. Air–Tek, Inc.,* 755 P.2d 1099, 1102 (Alaska 1988)).

**23.** *Schwarzenegger,* 374 F.3d at 800 (citing *Sher,* 911 F.2d at 1361).

Plaintiffs advance two theories to support their argument that WCMA owes them a duty of care. The first is under Restatement (Second) of Torts § 324A. The second is under the factors considered by the Alaska Supreme Court in *D.S.W. v. Fairbanks North Star Borough School District*.[24] For its part, WCMA argues that it does not owe a duty to plaintiffs under either Section 324A or the *D.S.W.* factors.

### a. Restatement (Second) of Torts § 324A

■ Section 324A(b) restates the law regarding the liability of those who voluntarily undertake to satisfy another's duty to a third person. It provides that:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if ... (b) he has undertaken to perform a duty owed by the other to the third person....

In Alaska, manufacturers are liable to consumers for harm caused by a failure to provide adequate warnings about their products.[25] Plaintiffs argue that WCMA assumed the duty that its manufacturer-members owe to them to provide adequate warnings about the blinds they make.

Alaska courts have accepted Section 324A as a theory of liability in a variety of cases.[26] However, they have yet to consider whether a trade association may be held liable under that section. While WCMA makes much of that fact, when Alaska courts analyze whether one entity assumed another's duty, they do not focus on what the entity is. Instead, they concentrate on what the entity did.[27]

After considering the parties' written materials, the court concludes that plaintiffs have offered enough evidence to make a *prima facie* case that WCMA owes them a duty of care. Plaintiffs have submitted documents indicating that WCMA's functions included promulgating safety standards and warnings for its members' blinds.[28] Plaintiffs also offer a picture of the blinds in which April died that is further evidence that WCMA developed warnings for its members' blinds. In the picture, a warning label containing WCMA's initials is visible.[29] All told, plaintiffs' evidence establishes a *prima facie* case that WCMA assumed its members' duty to warn plaintiffs about the blinds.

In arguing that it did not assume that duty, WCMA cites cases in which courts held that trade associations had not assumed their members' duty to warn consumers about their products.[30] Those

---

**24.** 628 P.2d 554, 555 (Alaska 1981).

**25.** *Shanks v. Upjohn*, 835 P.2d 1189, 1194 (Alaska 1992) (citing *Caterpillar Tractor Co. v. Beck*, 593 P.2d 871, 878 n. 15 (Alaska 1979)).

**26.** *Smith*, 921 P.2d at 634; *Mulvihill v. Union Oil Co.*, 859 P.2d 1310, 1313 (Alaska 1993); *Saddler v. Alaska Marine Lines, Inc.*, 856 P.2d 784, 788–89 (Alaska 1993); *Van Biene v. ERA Helicopters, Inc.*, 779 P.2d 315, 322 (Alaska 1989); *Kotzebue v. McLean*, 702 P.2d 1309, 1313 (Alaska 1985).

**27.** *Smith*, 921 P.2d at 634 (quoting *Estate of Breitenfeld*, 755 P.2d at 1102) (duty depends on nature of act undertaken). *See also Saddler*, 856 P.2d at 789 (discussing defendant's actions); *Van Biene*, 779 P.2d at 322 (same).

**28.** Doc. 17, ex. 4, 6.

**29.** *Id.*, ex. 5. For a warning label on a different set of blinds that is also attributed to WCMA, *see id.*, ex. 7 at 1–4.

**30.** *Bailey v. Edward Hines Lumber Co.*, 308 Ill.App.3d 58, 241 Ill.Dec. 317, 719 N.E.2d

cases, however, are distinguishable from this one. In those cases, the question was whether the evidence proved that, as a matter of law, the trade associations had assumed their members' duty.[31] In this case, the question is whether the evidence supports a *prima facie* case that WCMA assumed its members' duty. Less evidence is required to establish a *prima facie* case that a duty exists than to prove that a duty exists as a matter of law.[32]

### b. The D.S.W. Factors

Because plaintiffs have made a *prima facie* case that WCMA assumed its members' duty to warn them, at this point it is not necessary to decide whether the *D.S.W.* factors favor imposing on WCMA an independent duty to warn plaintiffs.[33]

### 2. Activities Purposefully Directed at Alaska

WCMA purposefully directed its activities at Alaska because it "allegedly ... (1) committed an intentional act, (2) expressly aimed at [Alaska], (3) causing harm that [it knew was] likely to be suffered in [Alaska]." [34] WCMA's intentional act was developing warnings for its members' blinds. It directed that act at Alaska by allowing its warnings to be attached to blinds sold in this state.[35] The harm allegedly caused by the warnings was likely to be suffered in Alaska because the warnings were attached to blinds sold here.

### 3. Reasonableness of Exercising Jurisdiction

Exercising jurisdiction over WCMA is reasonable because it was foreseeable that it would be haled into court in Alaska and standing trial here would not be too burdensome. It was foreseeable that WCMA would be haled into court in Alaska because it sponsored safety standards for its members' products that were intended to apply nationwide,[36] and its members' products are sold throughout the country, including Alaska. Also, while WCMA asserts that witnesses and evidence may be in New York,[37] it offers no evidence that defending itself before this court would subject it to undue hardship.

### V. CONCLUSION

For the reasons set out above, the motion at docket 9 is **DENIED**.

---

178 (1999); *Meyers v. Donnatacci*, 220 N.J.Super. 73, 531 A.2d 398 (1987); *Howard v. Poseidon Pools, Inc.*, 133 Misc.2d 50, 506 N.Y.S.2d 523 (N.Y.Sup.Ct.1986).

**31.** *Bailey*, 241 Ill.Dec. 317, 719 N.E.2d at 185 (affirming summary judgment); *Meyers*, 531 A.2d at 407 (same); *Howard*, 506 N.Y.S.2d at 528 (same).

**32.** *Metro. Life Ins. Co.*, 912 F.2d at 1064 n. 1.

**33.** *Saddler*, 856 P.2d at 789.

**34.** *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir.2002) (citations omitted).

**35.** Doc. 17, ex. 5, 7.

**36.** *Id.*, ex. 4.

**37.** Doc. 9 at 8.